THE PEOPLE *ex rel.* B. M. Chiperfield, State's Attorney,

*v.*

FRANK I. COMSTOCK.

*Announced orally December 8, 1898.*

1. ATTORNEYS AT LAW—*information to strike from roll—what must be alleged.* An information for a rule against an attorney at law to show cause why his name should not be stricken from the roll is insufficient which alleges that he made a false affidavit to the board of law examiners concerning his term of study, but which fails to state that the affidavit was fraudulently made with knowledge of its falsity or with intent to fraudulently secure a certificate of qualification from the law examiners.

2. SAME—*Supreme Court will not anticipate result of trial of attorney on a criminal charge.* The Supreme Court will deny leave to file an information for disbarment on the ground that the attorney sought to be disbarred has been guilty of subornation of perjury and has been indicted therefor, as the result of the trial under the indictment will not be anticipated.

INFORMATION to strike attorney's name from roll.

Mr. CHIEF JUSTICE CARTER announced the opinion of the court:

The State's attorney of Fulton county asks leave to file an information against Frank I. Comstock, an attorney of that county, for a rule on said Comstock to show cause why his license should not be revoked and his name stricken from the roll of attorneys of this court. We have examined the petition and the showing made, and have reached the conclusion that the petition is not sufficient.

The information charges that Comstock made an affidavit and presented it to the board of law examiners, stating that he had studied law three years of thirty-six weeks each, (which is the time required by the rule of this court,) with a licensed attorney, Mr. Breckenridge, of Lewistown; that upon that showing Comstock was admitted to examination by the board, passed the exami-

nation and received a certificate of qualification, which was presented to this court, acted upon by us, and that a license was issued to him. The information further charges that Comstock did not, as stated in his affidavit, study law for three years with a licensed attorney, and states as evidence or as a reason for the charge that the affidavit was false; that Breckenridge, with whom he stated he had studied law for three years, was not a duly licensed attorney of this court at the beginning of that term of three years, but that said Breckenridge was admitted to practice and received his license in June, 1895, whereas the affidavit stated that Comstock began his study with Breckenridge in February preceding. The information does not state that the applicant knew that his statement was untrue, nor does it state that Breckenridge had not been licensed as an attorney, but only that he had not been licensed to practice by this court until in June, 1895. No fraudulent purpose, or intent to secure examination by the law examiners, or a certificate of qualification, is alleged. There being no statement in the information that Comstock fraudulently made this affidavit knowing it was untrue, the allegation is insufficient. The information should have shown that he knew the affidavit was false. It may be that Breckenridge was, in fact, practicing as an attorney, and that Comstock had studied with him the three years without any knowledge that he had not been duly licensed by this court. We think that part of the information is not sufficient upon which to base an order revoking his license.

There is another charge in the information, viz., that Comstock has been guilty of an attempt to suborn a witness to commit perjury. It is alleged that he gave some person whom he desired to become a witness five dollars, in order to induce such witness to swear to a particular state of facts in a case then pending in a court in Fulton county. The information further states that Comstock has been indicted by the grand jury of Fulton county for

176- 13

this crime, and that the indictment is now pending in the circuit court of that county for trial.    We do not desire to anticipate the result of that case.    The proper place for the investigation of that question, inasmuch as Comstock ·has been indicted, is in that court, and we have thought it better practice to await the final trial under the indictment in that court, where it can be more readily ascertained whether Comstock is guilty or not.    It may turn out on a trial there that he is innocent, or it may turn out that he is guilty.    At all events, we are not disposed to take action in the premises before that case shall have been tried.

Leave to file the information must be refused.

*Leave refused.*