THE PEOPLE *ex rel.* Charles S. Deneen, State's Attorney,

*v.*

RICHARD JOHN.

*Opinion filed December 22, 1904.*

1. DISBARMENT—*judgment in criminal case against attorney is conclusive in disbarment proceeding.* A judgment of conviction or acquittal, upon the merits, on the trial of an attorney at law for an offense, will ordinarily be treated by the Supreme Court as conclusive of his guilt or innocence upon information for disbarment for the same offense.

2. SAME—*conclusiveness of criminal judgment not affected by result of civil suit.* The conclusiveness of a judgment acquitting an attorney at law of the charge of embezzling his client's money, upon a trial of the merits, is not lessened, so far as disbarment proceedings are concerned, by the fact of a recovery of the full amount by the client in a civil suit, in which the attorney sought, without avail, to offset a claim for professional services.

INFORMATION for disbarment.

This is an information filed in this court by the State's attorney of Cook county, at the instance of the grievance committee of the Chicago Bar Association, against the respondent, Richard John, an attorney of this court, charging him with having fraudulently converted to his own use the sum of $65, which was collected by him, as attorney at law for Elise Wasserman, upon a promissory note for that amount entrusted to him for collection by her. The evidence shows that the respondent heretofore was indicted for the embezzlement of the said fund by the grand jury of Cook county, and that upon a trial on the merits upon said indictment in the criminal court of said county he was acquitted.

CHARLES S. DENEEN, State's Attorney, (JOHN T. RICHARDS, and JOHN L. FOGLE, of counsel,) for relator.

A. L. FLANINGHAM, for respondent.

Mr. JUSTICE HAND delivered the opinion of the court:

We are of the opinion that the judgment of the criminal court of Cook county acquitting the respondent of the charge of having embezzled the funds collected by him as an attorney at law for said Elise Wasserman should be held to be a bar to this proceeding. In *People* v. *Comstock,* 176 Ill. 192, leave was sought to file an information in this court for the disbarment of Comstock on the ground that he had induced a witness, by the payment of money, to swear falsely in a suit before that time pending in the circuit court of Fulton county. It appeared from the information that the respondent had been indicted by the grand jury of said county for subornation of perjury for inducing said witness to swear falsely and that said indictment was then pending in the circuit court of Fulton county for trial, and it was held, the respondent being under indictment for said offense, the proper place to investigate the question of his guilt was in the court where said indictment was pending, and not in this court, and the information was not permitted to be filed. We think the logical conclusion to be drawn from the decision in that case is, that a judgment of conviction or acquittal upon the merits upon a trial on an indictment will ordinarily be treated by this court as conclusive of the guilt or innocence of an attorney at law upon a subsequent trial upon information for disbarment for the same offense. The foregoing seems to be the rule in all the courts of this country, unless special reasons, such as lapse of time, proof of reformation or other facts are shown, which, in the view of the court, should relieve the attorney from the force of a judgment of conviction.

The application of the rule above announced is not affected by reason of the fact that a recovery has been had by the client against the attorney in a suit before a justice of the peace for the full amount of the money collected, although the attorney sought to offset in that suit, without avail, a claim for professional services rendered the client, other than the collection of the moneys for which suit was brought. In

a disbarment proceeding moral turpitude is involved, as it is in a trial upon an indictment for embezzlement, while in a suit before a justice of the peace on a money demand it is not.

The rule heretofore entered against said Richard John to show cause will be discharged.    *Rule discharged.*