(No. 23850.—

*In re* W. A. Doss, Attorney, Respondent.

*Opinion filed December 15, 1937—Rehearing denied Feb. 2, 1938.*

Henry C. Warner, *amicus curiæ:*

DOYLE, SAMPSON & GIFFIN, REDMON, REDMON & BODMAN, FRANK K. LEMON, and W. C. NOEL, for respondent.

Mr. JUSTICE ORR delivered the opinion of the court:

Five complaints charging respondent with unethical and unprofessional conduct were filed with the secretary of the Illinois State Bar Association. The board of governors of that association, after a hearing, overruled exceptions to the report of the general committee on grievances finding respondent guilty of unethical conduct and recommended his disbarment.

Four of the complaints charged respondent with violations of the Canons of Professional Ethics in his relations with various clients. Specifically, respondent is charged with filing suits for ulterior motives and with no intention of securing a trial of the issues involved, with representing interests that conflicted with those of clients by whom he had already been retained, with exacting exorbitant fees, and with refusing, until complaint was filed, to repay the balance of a retainer unearned by him. He has also been found responsible for a disgraceful altercation at a hearing before a master in chancery in which he struck opposing counsel, knocking both him and his client to the floor.

The fifth complaint charged respondent with the preparation and the publication of numerous newspaper articles which, although appearing after the trial of the cases involved, criticized the court and prosecuting officers in intemperate language. It further appears that the respondent circularized the grand jury by mail regarding a matter to come before it. He admitted that "copies of all my letters had been mailed to each grand juror before the grand jury met here the third of this month and those fellows after reading those articles could tell the State's attorney a thing or two about that whole case." We do not deem it necessary to relate, in detail, the facts upon which the above

complaints were based. Suffice it to say that several of the charges are amply supported by the evidence taken below.

Nothing operates more certainly to create and foster popular prejudice against lawyers as a class, and to deprive the profession of that full measure of public esteem and confidence which belongs to the proper discharge of its duties, than does the false claim, often set up by the unscrupulous in defense of questionable transactions, that it is the duty of the lawyer to do whatever may enable him to succeed in winning his client's cause. The responsibility for advising questionable transactions, for bringing questionable suits, for urging questionable defenses, is the lawyer's responsibility. He cannot escape it by urging, as an excuse, that he is only following his client's instructions. (Canons of Professional Ethics of American Bar Ass'n. sec. 31.) Dealings between attorney and client resulting in advantage to the former will be closely scrutinized, and the attorney will be required to show the utmost good faith and fairness and that the client dealt with full knowledge of his rights. (*Rolfe* v. *Rich,* 149 Ill. 436; *Willin* v. *Burdette,* 172 id. 117.) A disbarment proceeding is an investigation of the conduct of a member of the bar for the purpose of determining whether he shall be disbarred or disciplined, and as the proceeding is not a lawsuit with the formalities of common law pleading and judgment, technical legal defenses cannot be called upon to aid in response to the charge. *In re Sanitary District Attorneys,* 351 Ill. 206.

A review of the record indicates that most of respondent's difficulties have arisen over fees and money matters. He conducted a small loan business and took judgment and chattel mortgage notes in his wife's name, adding attorney fees for himself, and charging large commissions for renewals. In one instance he is shown to have agreed with clients to represent them in a criminal case for a fee of $600, if successful, or $400 if he failed to secure a reversal. The sum of $500 was advanced to him to be used as costs

and to apply on his fee. He secured two continuances in the pending case, then advised his clients against an appeal and sent an employee to Chicago for a report on a lie detector test. He made several trips to Galesburg to see his clients but did not prepare either the record, abstract or brief for the appeal. His clients terminated his employment and offered to pay him $50, each, for his four trips in their behalf, but he refused to return any part of the $500 deposited. After the complaint was filed against him, he agreed to accept $200 for his services and refunded $300 to the complainants. Other instances might be cited from the record showing similar unethical conduct by respondent, actuated undoubtedly by his love of gain. In fixing fees, as well as in the institution of litigation, it is well for a lawyer to bear in mind that his profession is concerned with the administration of justice and is not a mere money-getting trade. The fact that a settlement has been made after a complaint is filed will not preclude an inquiry into the attorney's acts prior to and in connection with such settlement. *People* v. *Chamberlain*, 242 Ill. 260; *People* v. *Hansen*, 352 id. 144; *People* v. *Chancellor*, 358 id. 112.

The publication of the newspaper articles, regardless of when they appeared, and especially the circularization of the grand jury are especially to be condemned. The invariable effect of this sort of propaganda is to breed disrespect for the courts and bring the legal profession into disrepute with the public. Respondent has practiced law for nearly thirty years, has been State's attorney and county judge and knew better than to resort to such means to attain the results he desired. Considered as a whole, the evidence here clearly discloses that respondent has been guilty of such unprofessional and unethical conduct toward his clients, and such lack of proper respect toward the courts and his fellow-lawyers, as to warrant his disbarment. His name is, accordingly, stricken from the roll of attorneys of this court.

*Respondent disbarred.*