(No. 24794.—
IN RE EDWARD R. PISZATOWSKI, Attorney, Respondent.

*Opinion filed December 15, 1938—Rehearing denied Feb. 15, 1939.*

CHARLES LEVITON, *amicus curiae.*

GEORGE B. COHEN, for respondent.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

The respondent, Edward R. Piszatowski, a practicing attorney in the city of Chicago, on June 11 and 12, 1937, accepted $500 from the complainant, Leo Madden, a former police officer, for which he was to secure for him a

restoration of his position or return the money within seventy days. On June 12, 1937, he wrote the following unsigned letter to the complainant:

"Leo:

I am writing this separately as the letter might be seen by someone else and the following contents, I do not care to have any one else know. So after reading this, please destroy it.

"I had luncheon date with my friend and was finally able to persuade him to take less. He informed me that as far as his side was concerned they wanted $500.00; anything over that amount I could keep. The purpose of the petition is to have it on file ready to be presented and as soon as a certain individual is absent from the Board, this will be shoved thro.

"I also got my receipt for the $350.00; and if you can get the other $150.00; you need not bother for whatever balance that you want to pay me for my services; otherwise, I will have to advance the $150.00 and that might take some time, so let me know, as soon as possible, for I want that petition out, if nothing else."

On August 8, 1937, he sent the following telegram:

"Chicago, Ill., Aug. 8, 1937.

"Leo Madden,
2608 Haddon Ave.

"Party phoned at four A.M. from Springfield. Stop. Stopping over on another matter. Stop. He will get in touch with you directly.

Edward R. Piszatowski."

Then, on October 5, 1937, he sent himself the following false telegram which he showed to Madden: "Went with J. R. and completed deal, list posted 15th this month." The respondent failed to have complainant restored to his position, took no legal steps in that direction, nor did he return the money as agreed. On December 14, 1937, the complaint in this case was filed with the Chicago Bar Association. Evidence was heard before the board of commissioners in accordance with rule 59 of this court and when respondent was questioned regarding the foregoing letter he swore that he had never seen it or had anything to do with it, but, after persistent questioning, and comparisons made with

other letters he had written he said: "I might as well make a clean breast of it. This here thing was written by me."

The commission found that he was guilty of moral turpitude in deceiving his client by giving him the impression that he was going to restore his job by bribery, and, in addition, that he testified falsely before the committee and therefore it recommends that he be disbarred.

The $500 was returned to Madden subsequent to the hearing before the committee which was held in March, 1938, but this fact does not preclude an inquiry into the attorney's acts prior to or in connection with such a settlement. (*In re Doss,* 367 Ill. 570.) The evidence shows that respondent was guilty of dishonorable conduct involving moral turpitude. None of the money given to him was used or intended to be used for the taking of any legal steps. On the contrary, it is apparent from the record that Madden was led to believe that, through the bribery of some person or persons, the respondent could accomplish his reinstatement on the police force. Respondent's position, as shown by the record, is that he had intended to bribe some public official on behalf of Madden or had the equally reprehensible design of obtaining Madden's money on a pretense that he could and would do so. Whichever of these two may have been his design the result is the same, because he has demonstrated such an impairment of moral character as to bar him from the position which he has heretofore held as an officer of this court. Such a state of facts existing prior to his admission to the bar would have prevented his ever having been admitted to practice and it is sufficient to keep him therefrom.

The report of the commissioners will be approved and confirmed and the respondent's name will be stricken from the roll of attorneys of this court.

*Respondent disbarred.*