STATE OF MISSOURI *ex rel.* CARLOS S. GREELEY *et al.*, Relators, v. RICHARD R. SOUTHARD, Sewer Commissioner, Respondent.

### St. Louis Court of Appeals, March 2, 1895.

Original Jurisdiction of this Court: TRANSFER OF CAUSES TO SUPREME COURT: PLEADING. The jurisdiction of this court in proceedings by original writ is limited to cases falling within its appellate jurisdiction. Nor can a proceeding by original writ be transferred to the supreme court, when the jurisdiction is in that court. Accordingly, a relator in a proceeding by *mandamus* in this court pleads himself out of court, when he pleads a constitutional provision in support of his right to the writ.

### *Original Proceeding by Mandamus.*

DISMISSED FOR WANT OF JURISDICTION.

*Eben Richards & George C. Hitchcock* for relators.

*Wm. C. Marshall* for respondent.

ROMBAUER, P. J.—This is an original proceeding by *mandamus*. The traverse of the respondent's return, among other things, asserts that a certain ordinance of the city of St. Louis relied on by respondent is unconstitutional.    As the relators insist on the constitutional objection, they have necessarily pleaded themselves out of court, since, under the decision of the supreme court in *State ex rel. Blakemore v. Rombauer*, 101 Mo. 499, the jurisdiction of this court in proceedings by original writ is limited to cases falling within its appellate jurisdiction.

Neither can we transfer the cause to the supreme court, as section 3300 of the Revised Statutes of 1889 confines the power of such transfer to cases which reach this court by appeal or writ of error.    Hence, the only disposition which we can make of this writ is to dismiss it for want of jurisdiction.    So ordered.    All concur.