IN RE DISBARMENT PROCEEDINGS against WILLIAM G. SPARROW.—90 S. W. (2d) 401.

Court en Banc, December 19, 1935.

204

*Frank Hollingsworth* and *Victor C. Gladney* for informants.

*McCarthy, Morris & Zachritz* for respondent.

HAYS, J.—This is a disbarment proceeding, instituted on September 3, 1935, in the Springfield Court of Appeals. With leave of that court the members of the Bar Committee of the Twenty-fourth Judicial Circuit of the State, acting in their capacity as such, filed in said court an information against the respondent, William G. Sparrow, an attorney at law, duly licensed to practice and engaged in the practice of law in this State, and a member of the State Bar.

The information shows on its face that the acts charged against the respondent, as alleged to authorize the withdrawal of his license to continue in the practice of law, occurred in the year 1933 and thereafter, within the territorial jurisdiction of said Court of Appeals. The information recites that after the appointment by our court of the informants as members of such committee, the committee conducted first an informal investigation of alleged professional misconduct of respondent in the practice of his profession, and thereafter, and in pursuance thereof, on due notice to respondent held a formal hearing in the city of Aurora in Lawrence County touching the matters investigated. At the conclusion of the hearing the committee unanimously "found the accused guilty of professional misconduct in the particulars" set forth in the information subsequently filed. For the purpose of this opinion it is unnecessary to state the charges themselves.

On the date first above stated summons to respondent was issued by the Court of Appeals made returnable October 7, 1935, requiring him to answer said information. On the return date respondent filed a combined return, demurrer, motion to make more definite,

motion to strike out, motion to dismiss or quash and answer to said charges contained in said information.

On November 4, 1935, the Court of Appeals found "that a constitutional question has been properly raised in respondent's pleading and that said court is without jurisdiction of the cause," and transferred the same to this court pursuant to Article VI, Section 12 of our State Constitution. The constitutional question is not set out in the order and is to be sought in respondent's pleading.

Before seeking it we may appropriately observe that any supposed inherent want of jurisdiction in that court to entertain disbarment proceedings within its territorial jurisdiction should at once be eliminated. In the Matter of Richards, 333 Mo. 1. c. 910-914, 63 S. W. (2d) 672, our court upon an exhaustive review of the subject of disbarment and the law relative to it—after considering previous decisions rendered in the appellate courts of this State and the country over, and the common law appertaining—reached the conclusion which may be well summarized by the following quotation from a standard text there referred to (1. c. 913), as follows: "From the earliest times the right to punish attorneys by suspension or disbarment, as well as for contempt, has been exercised by the courts as an inherent power. . . ."

Turning to matters set up by respondent by way of answer, we find (par. 12) an allegation to the effect that, the alleged misconduct of respondent having occurred prior to the effective date of the Supreme Court's Rules, said rules cannot in this proceeding be applied retroactively without violating our State Constitutional provisions, Article II, Section 15, which prohibits the enactment of any law *ex post facto* or retroactive in its operation; Article XII, Section 19, which provides that the General Assembly shall pass no law retrospective in its operation or which imposes . . . a new liability in respect to transactions already past. The answer alleges also that said rules, and the practice followed under the same in this instance by the committee, were in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. It is said subsection 3 of Rule 36 confers upon the committee power, with or without notice to the suspected party, to investigate in a summary and informal manner any matter of professional misconduct, and upon the testimony taken therein, to find "the accused guilty of the misconduct charged;" that such procedure does not give the accused such notice and opportunity to be heard, and to be confronted with the witnesses against him, as constitutes due process and, therefore, deprives respondent of his reputation, professional standing and property, contrary to said amendment.

These constitutional questions seem more colorable than substantial; yet we deem it well to consider them in some detail because they

relate to our Rule 36, so recently promulgated—a little more than a year ago—and only of late being put into actual and effectual operation by the bar committees appointed in the judicial circuits of the State.

We will first consider the question of due process, predicated upon the Fourteenth Amendment which provides, *inter alia,* that "No State shall . . . deprive any person of life, liberty, or property, without due process of law." Let it be assumed for the discussion of this point that the property of respondent is involved, and assumed also that he will be accorded an opportunity (as will be pointed out herein below) to confront the witnesses against him in the trial that is in prospect. When such a trial shall have been had it will not be possible for any court to hold that the respondent has, without due process of law, been deprived of his property when, as regards the issue affecting it, he has by the laws of the State had a fair trial in a court of justice, according to the modes of procedure applicable to such proceedings. For each state provides its own mode of judicial procedure. [Hurtado v. California, 110 U. S. 516, 1. c. 534-535.]

Each state has complete control over the remedies which it offers to suitors in its courts. It may give a new and additional remedy for a right already in existence; it may abolish old remedies and substitute new. [State ex rel. v. Bair, 333 Mo. 1, 1. c. 16, 63 S. W. (2d) 64, 66.] This observation had, in the cited case, particular application to legislative enactments but in principle it applies to court rules as well. In 7 Ruling Case Law, 1023, it is said: "It is well established that courts have the inherent power to prescribe such rules of practice and rules to regulate their proceedings and facilitate the administration of justice as they may deem necessary."

Before the adoption and promulgation of our Rule 36 this court had accepted the doctrine that the appellate courts have the inherent power to suspend or disbar attorneys. Under the court-established rules of procedure such proceedings were formerly instituted without any required investigation or hearing, by the exhibition of an information, verified by affidavit of informant. Upon receiving the information the court would issue summons or citation to the party complained against, requiring him to appear and answer the charge in the same manner as now required under Rule 36. [State ex rel. v. Reynolds, 252 Mo. 1. c. 379-380, 158 S. W. 671, and cases cited.] In the Matter of Richards, supra, our court (1. c. 911-916) reviewed the cases referred to at this juncture and it cited and approved the doctrine as laid down in Weeks on Attorneys at Law, section 80, pages 140, 141, parts of which we approve and quote as follows: "The power to strike from the rolls is inherent in the court itself. No statute or rule is necessary to authorize the punishment in proper cases. . . . It is necessary for the protection of the court, the

proper administration of justice, the dignity and purity of the profession, and for the public good and the protection of clients.''

 Rules such as No. 36 are merely regulatory and procedural. This particular rule in nowise restricts the respondent's rights. Formerly, as has already been indicated, there was no special rule looking to investigation or hearing before exhibition of a charge of malpractice. In the mode provided in Rule 36, subsection 3 thereof was designed to lessen the likelihood of unfounded charges being brought in courts against an attorney at law, to his probable humiliation and injury. In furtherance of that intention the bar committee were by rule clothed with a power to make investigations and to hold formal hearing in order to determine and to justify their subsequent course in the matter. Such investigations and hearings are summary in character, not adversary in any proper sense, but intended to enable members of the committee to determine whether the facts are supported by credible evidence and are sufficient to warrant the institution of a proceeding by information to discipline or to disbar. That the investigation and hearing referred to are *ex parte* in their nature is clearly shown in subsections of said rule. The phrasing of the conclusion in the instant committee report relative to the facts established in the summary hearing is rather unfortunate. Next above we have employed the language of the rule itself as to the proper basis of the conclusion of the committee. Subsequent subsections deal with the filing of information, issuance of summons, joinder of issue by answer, trial ''as in extraordinary legal remedies, *always saving to each side a reasonable opportunity to present evidence and to be heard.''* Thus the rights of confrontation of witnesses and due process of law are plainly and adequately safeguarded. It is plain also that the summary investigations and hearings provided for do not invade or impair any constitutional right of the person whose professional conduct is subjected to the preliminary enquiry. Certainly the provision made for this preliminary proceeding cannot be classed with *ex post facto* laws, which are punitive as shown above. Nor do they, or this proceeding brought pursuant thereto, operate retroactively in a manner obnoxious to our constitutional provisions referred to herein above.

 Respondent's contentions seem to imply that this proceeding is of the nature of a criminal prosecution. It is in fact and in law nothing of the sort. It is not ''an action, civil or criminal but a proceeding *sui generis,* an investigation by the court of the conduct of its officers, the object of which is not the punishment of the offender but the protection of the court.'' [Richards case, supra, Syl. 4.]

It is the generally accepted view that in exercising their right by summary proceeding to suspend or disbar attorneys the object which the courts have in view is the removal from the profession a person

whose misconduct has proved him unfit to be entrusted with the duties and responsibilities belonging to the office of an attorney. In the attainment of this object the idea of punishment is usually held to have no special place, but the courts in such case exercise their discretion, whether or not a man whom they had formerly admitted is a proper person to be continued on the roll of attorneys. [2 R. C. L. 1088.] There being no punishment involved as for past conduct, in no view can these court rules of procedure offend against our constitutional provision touching *ex post facto* laws.

A sufficient answer to the contention that this proceeding will not lie, since it is founded upon past conduct which occurred in 1933, is that the question of moral fitness or the due observance of professional ethics is necessarily determinable upon pre-existing facts. ". . . By their fruits ye shall know them." [Matt. VII-20.] So, assuredly there is present no real question regarding retroactivity.

Nor is the contract clause of Article I, Section 10 of the Federal Constitution violated. The license which authorized respondent to practice law did not constitute a contract between him and the State. [Simmons v. State, 12 Mo. 268.]

▉ No constitutional questions are intrinsically involved in this proceeding. Furthermore, the Court of Appeals, having original and exclusive jurisdiction, was without power to transfer the cause to this court, since the same did not come to it on appeal or by writ of error from a lower court. [Sec. 1915, R. S. 1929; State ex rel. Greeley v. Southard, 61 Mo. App. 296; Moberly v. Lotter, 266 Mo. 457, 468, 181 S. W. 991.]

For the reasons stated the cause is remanded. All concur.