IN THE MATTER OF: CURTIS B. TRENT, JR., *an attorney*

(No. 12847)

Submitted April 28, 1970.          Resubmitted May 5, 1970.

Decided June 30, 1970.

*John O. Kizer,* for Committee on Legal Ethics of The West Virginia State Bar.

*Stanley E. Preiser,* for Curtis B. Trent, Jr.

HAYMOND, JUDGE:

In this proceeding instituted by the Committee on Legal Ethics of the West Virginia State Bar, herein sometimes referred to as the Committee, pursuant to provisions of Section 24, Part E, of Article VI, of the By-Laws of the West Virginia State Bar, the Committee seeks to have this Court annul the license to practice law of Curtis B. Trent, Jr., a duly licensed attorney and a member of the West Virginia State Bar.

On July 2, 1969, upon a letter of the Committee, addressed to this Court, dated June 30, 1969, with which were transmitted certified copies of an indictment for a felony, a plea of nolo contendere, a judgment order in the case of *United States v. Curtis B. Trent, Jr.,* in the United States District Court for the Southern District of West Virginia, and a certified copy of the examination of Trent in that action before that court accepted his plea of nolo contendere, all of which instruments in writing were filed in this proceeding, this Court issued a rule directed to Trent, returnable September 3, 1969, to show cause why his license to practice law should not be annulled or suspended.

On the day to which the rule was returnable this proceeding was continued generally and on December 8, 1969, at the instance of Trent, it was continued until April 28, 1970, when it was submitted for decision upon the foregoing letter of the Committee, certified copies of the indictment, the plea of nolo contendere, the judgment order, and a duly certified copy of the examination of Trent by the United States District Court prior to its acceptance of his plea of nolo contendere, the answer of Trent, and the written briefs and the oral arguments of the attorneys for the respective parties.

On October 16, 1967, an indictment, containing three counts, was returned against Trent in the United States District Court for the Southern District of West Virginia. Each count of the indictment charged Trent with wilfully and knowingly attempting to evade and defeat a large part of the income tax due and owing by him and his wife for a specified calendar

year by preparing and causing to be prepared, and by filing, and causing to be filed with the District Director of Internal Revenue a false and fraudulent income tax return, in violation of Section 7201, Title 26, United States Code.

On March 11, 1969, in Norfolk, Virginia, Trent appeared, with counsel, before the Judge of the United States District Court assigned to try him upon the foregoing indictment and offered his plea of nolo contendere to the first count of the indictment. The prosecution objected to the acceptance of the plea of nolo contendere but the Court accepted that plea to the first count of the indictment. That count charged Trent with false and fraudulent statements that his taxable income for the calendar year 1960 was the sum of $8,714.42 and that the amount of the tax due and owing was the sum of $1,865.75, whereas he knew that his taxable income for that calendar year was the sum of $20,966.14 upon which he owed the United States an income tax in the sum of $5,647.13.

At the hearing on March 11, 1969, the Judge examined Trent in detail and explained to him fully his constitutional rights and the nature of the penalties that could be imposed under the plea of nolo contendere, and also inquired if he entered the plea of nolo contendere because he was, in fact, legally guilty of the crime as charged in the first count of the indictment, to which Trent answered "Yes, sir." By agreement of counsel for the prosecution and Trent, and with the consent of the Court, the Court postponed final disposition of the case at the hearing on March 11, 1969, and arranged to make final disposition of the case at Charleston, in the Southern District of West Virginia, during the month of June 1969.

On June 14, 1969, the date fixed for the final disposition of the case, upon a hearing of the case, the Judge again interrogated Trent in detail as to whether or not he intended to admit his guilt of the charge in the first count of the indictment by his plea of nolo contendere. This second examination was conducted by the Judge because after the March 11, 1969 hearing in Norfolk, Virginia, Trent made certain statements to the probation officer of the Court to the effect that he felt that he was being persecuted and that his act was a matter of

negligence and carelessness rather than an act of intent to evade, and the Judge informed Trent and his attorney that in view of such statements he could not accept the plea of nolo contendere and told Trent that he should withdraw such plea and that the case would be set for trial in September of that year.

After conferring with the attorney for the prosecution and the attorney for Trent, the Judge was advised that Trent still desired to enter his plea of nolo contendere to the first count of the indictment, and the Judge conducted the second examination and again questioned Trent in detail concerning the effect of the plea of nolo contendere and in addition asked him these specific questions: "Are you entering this plea of nolo contendere freely and voluntarily on your part?", to which Trent answered "I am"; and "Are you entering this plea of nolo contendere because you are in fact legally guilty of the crime as charged in the first count of the indictment?", to which he answered "Yes, sir." After concluding the second examination the Judge accepted the plea of nolo contendere and by final order dismissed counts two and three of the indictment, on motion of the government, and entered this judgment:

> "IT IS ADJUDGED that the defendant is guilty as charged and convicted.
>
> "IT IS ADJUDGED that the defendant is hereby sentenced to a term of THREE (3) YEARS, on Count One of the Indictment, and the said defendant is hereby committed to the custody of the Attorney General, to be by him or his duly authorized representative, confined in a jail-type institution or a treatment institution for a period of FIVE (5) MONTHS, and the execution of the remainder of the sentence is suspended, and the defendant is placed on probation for a period of TWO (2) YEARS from June 14, 1969, upon the condition that the defendant will be of uniform good behavior, not violating any of the laws of the United States or of any State; defendant to report to the Probation Officer of this Court in such manner and at such times as he may direct. Probation to commence upon defendant's release after the period of his service of Five (5) Months.

"It is further ADJUDGED that the defendant shall pay a fine of $5,000.00, not to stand committed for non-payment.

"The defendant is ORDERED to commence serving the five (5) months sentence not later than 9:00 A.M., Friday, August 15, 1969.

"IT IS ORDERED that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant."

Upon motion of the Committee, it appearing that it was not aware that a second examination of Trent had occurred on June 14, 1969 until after this proceeding was submitted for decision on April 28, 1970, and there being no objection to the motion, this proceeding was reopened for the purpose of permitting the Committee to file a certified transcript of the proceedings at the hearing on June 14, 1969, and such transcript was filed and made a part of the record in this proceeding.

Sections 23 and 24, Part E, Article VI, of the By-Laws of the West Virginia State Bar, which apply to and govern this proceeding, contain these provisions:

"23. Any court in which any attorney shall be convicted of any crime involving moral turpitude or professional unfitness shall, as part of the judgment of conviction, annul his license to practice law.

"Any court before which any attorney has been qualified, upon proof that he has been convicted—

"(a) Of any crime involving moral turpitude or professional unfitness; or,

"(b) Of receiving money for his client as his attorney and failing to pay the same on demand, or within six months after receipt thereof, without good and sufficient reason for such failure, as in the statute provided; shall annul his license to practice law.

"24. Any court before which any attorney has been qualified, upon proof that he has been convicted of

any felony not involving moral turpitude or professional unfitness, shall suspend his license to practice law for such time as the court may prescribe.

"In any proceeding in any court, before which an attorney has been qualified, to suspend or annul the license of any such attorney because of his conviction of any crime or crimes mentioned in section twenty-three or in this section twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted. A plea or verdict of guilty or a conviction after a plea of nolo contendere shall be deemed to be a conviction within the meaning of this section. An attorney shall not be deemed to have been 'convicted' or there shall not be deemed to have been a 'conviction' within the meaning of section twenty-three, except the first paragraph thereof, or this section twenty-four, until the time for appeal has expired, if no appeal has been taken, or until the judgment of conviction has been affirmed on appeal, or has otherwise become final. The legal ethics committee, the president, or the board may procure and transmit a certified copy of the order or judgment of conviction to any such court before which the attorney has been qualified."

Though Trent in his answer denies that he at any time admitted that he intended to defraud the United States of taxes that were legally due and denied that he had any wrongful intent in the filing of his federal income tax return, and contends that he did not at any time admit that he intended to defraud the government of taxes legally due to it, it is clear from the transcript of the proceeding at the hearing in Norfolk, Virginia, on March 11, 1969 and again at the hearing in Charleston on June 14, 1969, that by his plea of nolo contendere and by his answers to questions asked by the Judge, he did admit his guilt to the charge of filing a false and fraudulent income tax return, as charged in count one of the indictment, and that the offense of which he admitted his guilt is a felony and an offense involving moral turpitude. In consequence, the contention that the conduct of Trent as disclosed by the facts in this proceeding is distinguishable from the conduct of Mann in the recent case of *In The Matter*

*Of Fletcher W. Mann,* 151 W.Va. 644, 154 S.E.2d 860, is completely devoid of merit.

The established facts in this proceeding are substantially similar to the facts in the *Mann* case and the offense involved in each is identical. For that reason the decision in this proceeding is controlled by the decision in the *Mann* case. In that case this Court held in point 1 of the syllabus that "A conviction of a charge of willfully attempting to evade and defeat income taxes in violation of the provision of Section 7201, Internal Revenue Code, (26 U.S.C., Section 7201), is a conviction involving moral turpitude," and held in point 2 of the syllabus that "Section 23, Part E., Article VI of the By-Laws of the West Virginia State Bar imposes upon any court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude."

The penalty provided by Section 23 for the conviction of an attorney of an offense involving moral turpitude is harsh and the duty to annul the license is mandatory in character. Though the writer of this opinion feels that much may be said for the desirability of a different rule which would enable this Court, which is the source of the power to regulate the conduct of attorneys and the practice of law, to exercise discretion whether, in a given case, a license of an attorney should be annulled or suspended, and if annulled to reinstate the license upon a proper showing that the attorney is entitled to resume the practice of law, this Court adheres to the strict compliance requirement of the provisions of the section as long as it remains, as it does, in full force and effect.

In view of the established facts, as outlined in this opinion and the obvious application of the provisions of Section 23, this Court holds, in accordance with the *Mann* case, that the license of Curtis B. Trent, Jr., to practice law must be, and it is, annulled.

> *License
> to practice law
> annulled.*