In The Matter Of:
William Wallace Barron, *an Attorney*

(No. 13082)

Submitted May 11, 1971.          Decided May 25, 1971.

*John O. Kizer*, for Legal Ethics Committee of the West Virginia State Bar.

Haymond, Judge:

In this proceeding instituted by the Committee on Legal Ethics of the West Virginia State Bar, herein sometimes referred to as the Committee, pursuant to the provisions of Section 24, Part E, of Article VI, of the By-Laws of the West Virginia State Bar, the Committee seeks to have this Court annul the license to practice law of William

Wallace Barron, a duly licensed attorney and a member of the West Virginia State Bar.

On April 26, 1971, upon a letter of the Committee addressed to this Court, dated April 5, 1971, with which were transmitted certified copies of an indictment for a felony, a plea of guilty, and a judgment order in the case of United States v. William Wallace Barron, in the United States District Court for the Southern District of West Virginia, convicting him of the offenses charged in the indictment, this Court issued a rule directed to Barron, returnable May 11, 1971, to show cause why his license to practice law should not be annulled or suspended.

Barron has not appeared or filed any answer to the rule, and on the date on which the rule was returnable, this proceeding was submitted for decision upon the foregoing letter of the Committee, certified copies of the indictment, the plea of guilty and the judgment order and the written brief and the oral argument of the attorney for the Committee.

On March 24, 1971, a joint indictment, containing four counts, was returned against William Wallace Barron and two other defendants in the United States District Court for the Southern District of West Virginia. Three of the counts in the indictment charged Barron with wilfully, unlawfully and knowingly combining, conspiring and confederating and agreeing with the other defendants and other unknown persons to commit bribery and of the commission of bribery of a juror in violation of Title 18, Sections 1503, 371, 201 (b) and 2, United States Code, each of which offenses is a felony. On March 29, 1971 in the presence of his counsel, who had explained to him the charges contained in the indictment, and after he had received a copy of the indictment, Barron entered his written plea of guilty to the indictment and each of its counts. On the same day, the United States District Judge accepted the plea of guilty and entered this judgment:

"IT IS ADJUDGED that the defendant is guilty as charged and convicted.

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIVE (5) YEARS on Count No. 1, FIFTEEN (15) YEARS on Count No. 2, and FIVE (5) YEARS on Count No. 3, making a total sentence of TWENTY-FIVE (25) YEARS, pursuant to and for the purposes set forth in Sub-section (b) of Section 4208, Title 18, United States Code. The results of the examination and studies, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case to be furnished to the Court within Ninety (90) days from the date hereof.

"IT IS ADJUDGED that when the results of the examination and studies, together with any recommendations, are completed and have been furnished to the Court, that the Warden and/or the Director of the Bureau of Prisons cause the said defendant to be forthwith returned to this Court for such further disposition as it may deem advisable pursuant to Title 18, Section 4208 (b), U.S.C.

"IT IS ORDERED that no costs be recovered from said defendant and the said William Wallace Barron is remanded to the custody of the Marshal of this Court; and the Court directs Deputy Marshal Gordon D. Coen to forthwith transport the said William Wallace Barron to the appropriate classification center.

"IT IS ORDERED that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant.

"The Court recommends commitment to Medical Center for Federal Prisoners Springfield, Missouri."

In accordance with the recommendation of the court, Barron is now confined in that institution in Springfield, Missouri.

No appeal has been applied for or granted from the foregoing judgment of March 29, 1971.

Sections 23 and 24, Part E, Article VI of the By-Laws of the West Virginia State Bar, which apply to and govern this proceeding, contain these provisions:

"23. Any court in which any attorney shall be convicted of any crime involving moral turpitude or professional unfitness shall, as part of the judgment of conviction, annul his license to practice law.

"Any court before which any attorney has been qualified, upon proof that he has been convicted—

"(a) Of any crime involving moral turpitude or professional unfitness; or,

"(b) Of receiving money for his client as his attorney and failing to pay the same on demand, or within six months after receipt thereof, without good and sufficient reason for such failure, as in the statute provided; shall annul his license to practice law.

"24. Any court before which any attorney has been qualified, upon proof that he has been convicted of any felony not involving moral turpitude or professional unfitness, shall suspend his license to practice law for such time as the court may prescribe.

"In any proceeding in any court, before which an attorney has been qualified, to suspend or annul the license of any such attorney because of his conviction of any crime or crimes mentioned in section twenty-three or in this section twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted. A plea or verdict of guilty or a conviction after a plea of nolo contendere shall be deemed to be a conviction within the meaning of this section. An attorney shall not be deemed to have been 'convicted' or there shall not be deemed to have been a 'conviction' within the meaning of section twenty-three, except the first paragraph thereof, or this section twenty-four, until the time for appeal has expired, if no appeal has been taken, or until the judgment of conviction has been affirmed on

appeal, or has otherwise become final. The legal ethics committee, the president, or the board may procure and transmit a certified copy of the order or judgment of conviction to any such court before which the attorney has been qualified."

It is clear beyond question that each of the crimes of conspiracy to commit bribery and bribing a juror is a crime which involves moral turpitude. It is difficult to consider an offense which is more destructive or corruptive of the legal system of West Virginia than bribery of a juror, especially when such crime is committed by an attorney who is an officer of the Court. Bribery of a juror is a perversion of justice and strikes at the foundation of the judicial system of this State; manifestly the crimes of which Barron has been convicted upon his plea of guilty and for which he has been sentenced to imprisonment involve moral turpitude. Conviction of a charge of wilfully, unlawfully and knowingly conspiring to commit bribery and of a charge of bribery of a juror in violation of Title 18, Sections 1503, 371, 201 (b) and 2, United States Code, is a conviction involving moral turpitude.

"Section 23, Part E., Article VI of the By-Laws of the West Virginia State Bar imposes upon any court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude." Point 2, syllabus, *In The Matter Of Fletcher W. Mann,* 151 W.Va. 644, 154 S.E.2d 860, and Point 2, syllabus, *In The Matter of Curtis B. Trent, Jr.,* 154 W.Va. 333, 175 S.E.2d 461.

In view of the established facts as outlined in this opinion, and the obvious application of the provisions of Section 23, this Court holds, in accordance with the *Mann* case and the *Trent* case, that the license of William Wallace Barron to practice law must be and it is annulled.

*License to practice law annulled.*