*In Re:* JOSEPH J. BERZITO, *a Member of the West Virginia State Bar*

(No. 13225)

Submitted September 6, 1972.     Decided October 24, 1972.

*John O. Kizer*, for Legal Ethics Committee.

BERRY, JUDGE:

This is a proceeding to annul the license of Joseph J. Berzito, a member of the West Virginia State Bar, to practice law in the State of West Virginia, instituted in this Court by the Committee on Legal Ethics of the West Virginia State Bar, under the provisions of Sections 23 and 24, Part E, of Article VI of the By-Laws of the West Virginia State Bar.

It appears from the petition of the Legal Ethics Committee and papers filed therewith that Joseph J. Berzito was indicted on February 11, 1972 in the United States District Court for the Southern District of West Virginia for using the mail for purposes of executing a scheme to defraud and obtain money and property by false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1341. Berzito was found guilty as charged by the jury on April 28, 1972 and on June 26, 1972 the District Court overruled the respondent's motion to set aside the verdict and sentenced him to the custody of the Attorney General of the United States for a period of five years and fined him $10,000.

The Legal Ethics Committee of the West Virginia State Bar transmitted to this Court a certified copy of the judgment of conviction, in accordance with the provisions of Section 24, Part E, Article VI of the By-Laws of the West Virginia State Bar with a request that a rule be

issued directing Berzito to show cause why his license to practice law should not be annulled.

The Legal Ethics Committee of the West Virginia State Bar contends that the respondent has been convicted of a crime involving moral turpitude, namely, using the mails to defraud, and consequently, this Court must annul his license to practice law.

A rule was issued on July 10, 1972 returnable September 6, 1972 at which time a hearing was held and the case was submitted for decision.

Section 23, Part E, Article VI of the By-Laws of the West Virginia State Bar provides that any court before which any attorney has been qualified, upon proof that he has been convicted of any crime involving moral turpitude, shall annul his license to practice law.

This Court, on several occasions, has held that the provisions of Section 23, Part E, Article VI are mandatory, and upon proof of such conviction, as required by Section 24, Part E, Article VI of the By-Laws of the West Virginia State Bar, the attorney's license to practice law shall be annulled. *In the Matter of Fletcher W. Mann, an Attorney,* 151 W.Va. 644, 154 S.E.2d 860; *In the Matter of Curtis B. Trent, Jr., an Attorney,* 154 W.Va. 333, 175 S.E.2d 461; *In the Matter of William Wallace Barron, an Attorney,* 155 W.Va. 98, 181 S.E.2d 273; *In Re Marshall G. West, a Member of the West Virginia State Bar,* 155 W.Va. 648, 186 S.E.2d 776.

The second points of the syllabi in the *Mann, Trent, Barron* and *West* cases read as follows: "Section 23, Part E, Article VI of the By-Laws of the West Virginia State Bar imposes upon any court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude."

It was specifically held in the *West* case that a conviction of a charge of using the mails to defraud is a crime involving moral turpitude, which requires mandatory annulment of an attorney's license to practice

law. The attorney in the case at bar was convicted of the same offense as the attorney in the *West* case. It therefore clearly appears that under the provisions of Sections 23 and 24, Part E, Article VI of the By-Laws of the West Virginia State Bar, the license of Joseph J. Berzito to practice law in the State of West Virginia should be annulled if his conviction of using the mails to defraud is affirmed upon final appeal. In all of the cases cited above, the attorneys' licenses had been annulled and their convictions were final either by the absence of appeals or by affirmation of the convictions on appeal. In the case at bar the conviction has been appealed although no disposition has been made of the case by the appellate court.

Before Section 24, Part E, Article VI of the By-Laws of the West Virginia State Bar was amended in 1971, it provided that: " * * * An attorney shall not be deemed to have been 'convicted' or there shall not be deemed to have been a 'conviction' within the meaning of section twenty-three, except the first paragraph thereof, or this section twenty-four, until the time for appeal has expired, if no appeal has been taken, or until the judgment of conviction has been affirmed on appeal, or has otherwise become final. * * * ". The amendment to Section 24 in 1971, which is applicable to the case at bar with regard to the conviction in such cases, reads as follows: " * * * An attorney shall be deemed to have been convicted within the meaning of section twenty-three and this section twenty-four upon the entry of the order or judgment of conviction by the trial court, and such attorney's license shall be thereupon suspended notwithstanding the pendency of an appeal, unless within ten (10) days after the entry of said judgment order of conviction such attorney shall file with the supreme court of appeals a petition showing good cause why his license should not be so suspended or annulled. * * * ".

If this Court annulled a license to practice law based upon a conviction warranting such annulment and such conviction was reversed upon appeal, there would be

nothing upon which to base the annulment. The amendment to Section 24, quoted above, intended that where there was a conviction and appeal of such conviction, proof of the conviction in a disciplinary proceeding should result only in the suspension of the license until the final disposition of the appeal.

In accordance with the reasons stated herein, the license of Joseph J. Berzito to practice law in the State of West Virginia is suspended pending the final disposition of the appeal of his conviction in the United States District Court for the Southern District of West Virginia on the charge of using the mails to defraud, in violation of Title 18, United States Code, Section 1341, at which time said license to practice law may either be annulled or reinstated.

*License suspended pending appeal.*