*Re:* DANA AUBREY ROBERTSON, *a Member of the West Virginia State Bar*

(No. 13310)

AND

*Re:* C. DONALD ROBERTSON, *a Member of the West Virginia State Bar*

(No. 13311)

Submitted January 24, 1973. Decided February 27, 1973.

*John O. Kizer,* for State Bar.

No appearances for defendants.

BERRY, PRESIDENT:

On October 20, 1972 C. Donald and Dana Aubrey Robertson filed petitions in this Court asking that they be permitted to resign voluntarily from the West Virginia State Bar.

Dana Robertson entered a plea of guilty on October 16, 1972 in the United States District Court for the District of Maryland in Baltimore to the offense of conspiracy to violate Section 201, Title 18, U. S. Code, (bribery of a public official) and Section 1952, Title 18, U. S. Code, (interstate transportation in aid of racketeering

enterprises). Dana Robertson was subsequently fined $1000 and sentenced to two years in prison.

C. Donald Robertson also entered a plea of guilty on October 16, 1972 to Count I of the indictment against him, which charged him with conspiracy to violate Section 201, Title 18 of the U.S. Code, (bribery of a public official) and Section 1952, Title 18 of the U. S. Code, (interstate transportation in aid of racketeering enterprises). C. Donald Robertson also entered a plea of guilty to Count XXV of the indictment which charged him with using the facilities of the Cincinnati Bell Telephone System between Cincinnati, Ohio and Charleston, West Virginia to manage and promote the carrying on of an illegal activity, namely, the bribery of a public official. C. Donald Robertson was subsequently fined $15,000 and sentenced to five years in prison on each of the two counts. However, the two five-year terms were to run concurrently.

Both petitioners were indicted on August 25, 1971 in the United States District Court for the Southern District of West Virginia but the petitioners' motions to transfer the case to the United States District Court for the District of Maryland in Baltimore were granted and the cases were removed to that Court.

On January 12, 1973 the Committee on Legal Ethics of the West Virginia State Bar filed a report with the Court opposing the acceptance of the resignations and requested that a rule be issued against Dana Aubrey Robertson and C. Donald Robertson to show cause why their licenses to practice law should not be annulled, as provided by Sections 23 and 24, Part.E, Article VI of the West Virginia State Bar. A rule to show cause was issued by this Court January 16, 1973, returnable January 24, 1973, at which time the cases were submitted for appropriate action.

The Committee on Legal Ethics contends that the Robertsons were convicted of crimes involving moral turpitude, and, consequently, it is the mandatory duty of this Court to annul their licenses to practice law.

Under the provisions of Section 29, Part G, Article VI of the By-Laws of the West Virginia State Bar, any member of the State Bar may file in the Supreme Court of Appeals of West Virginia a verified petition stating that he desires to voluntarily resign as a member of the State Bar. A copy of the petition must also be filed with the Secretary of the State Bar who then refers such copy to the Committee on Legal Ethics with a request for a prompt investigation to be made by the Committee. The Committee promptly investigates the matter and files a written report to this Court with a recommendation with reference to any action to be taken on the petition, a copy of which is furnished to petitioners. These procedures were properly followed in the instant cases. The Committee on Legal Ethics opposed the acceptance of the resignations of the petitioners on the ground that each had pleaded guilty and was convicted of crimes involving moral turpitude.

Moral turpitude has been defined as that conduct which imports baseness, vileness or depravity in the duties which one person owes to another or to society in general. *The Committee on Legal Ethics v. Scherr*, 149 W.Va. 721, 143 S.E.2d 141. This is clearly stated in point 2 of the syllabus of the *Scherr* case in the following language: "The best general definition of the term 'moral turpitude' is that it imports an act of baseness, vileness or depravity in the duties which one person owes to another or to society in general, which is contrary to the usual, accepted and customary rule of right and duty which a person should follow." Both petitioners were charged, among other charges, with conspiracy to bribe a public official. It has been generally held that the conviction of an attorney for such a crime as income tax evasion, or conspiracy to commit bribery, is a crime involving moral turpitude. *In the Matter of Fletcher W. Mann, an Attorney*, 151 W.Va. 644; 154 S.E.2d 860; *In the Matter of Curtis B. Trent, Jr., an Attorney*, 154 W.Va. 333, 175 S.E.2d 461, (Decided by this Court June 30, 1970); *In the Matter of William Wallace Barron, an Attorney*, 155 W.Va. 98, 181

S.E.2d 273, (Decided by this Court May 25, 1971). In the *Barron* case it was specifically held that a conviction of a charge of conspiracy to commit bribery is a conviction involving moral turpitude.

This Court has consistently held that under the By-Laws of the West Virginia State Bar a mandatory duty is imposed upon it to annul the license of an attorney who has been convicted of any crime involving moral turpitude upon proof of such conviction being promptly presented to the Court under the By-Laws of the West Virginia State Bar. This mandatory duty to annul such license is clearly stated in point 2, syllabus of the case of *In the Matter of Fletcher W. Mann, an Attorney, supra,* wherein it is stated: "Section 23, Part E., Article VI of the By-Laws of the West Virginia State Bar imposes upon any court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude."

For the reasons set out above the petitions of Dana Aubrey Robertson and C. Donald Robertson to resign from the West Virginia State Bar and to voluntarily surrender their licenses to practice law are hereby denied, and their licenses to practice law are hereby annulled.

*Licenses to practice law annulled.*