*In Re:* BONN BROWN,

*A Member of*

*The West Virginia State Bar*

(No. 13338)

Submitted April 24, 1973.          Decided July 3, 1973.

Rehearing Denied July 30, 1973.

2

*John O. Kizer, Edmund C. Stone, Jr.,* for Committee on Legal Ethics.

*John E. Busch, James L. Rider* for Bonn Brown.

PER CURIAM:

This is a proceeding instituted by the Committee on Legal Ethics of the West Virginia State Bar, pursuant to its authority under Section 24 of Part E of Article VI of the By-Laws of the West Virginia State Bar (sometimes hereinafter referred to as Section 24) against Bonn Brown, an attorney at law living and practicing his profession at Elkins, Randolph County, West Virginia, and an active member of the West Virginia State Bar. The Committee seeks an order of this Court suspending the license of Brown to practice law in this State until the final disposition of his appeal from a conviction of a crime involving moral turpitude in the United States District Court for the Western District of Virginia.

The complaint together with a certified copy of an indictment returned in the United States District Court for the Southern District of West Virginia, charging Brown with conspiracy to commit bribery and bribery of a juror was properly filed in this Court on February 24, 1973. Also filed was a certified copy of the order of the United States District Court for the Western District of

Virginia entered pursuant to a jury verdict, convicting Brown of the offenses charged in the indictment. This Court on February 27, 1973, issued a rule returnable before this Court on April 24, 1973, commanding Brown to appear before this Court at that time to show cause against the entry of an order suspending his license during the pendency of his appeal.

On February 10, 1973, Brown had filed a petition with the Court as permitted by Section 24, stating that he had appealed his conviction to the United States Court of Appeals for the Fourth Circuit and praying that his license to practice law be not suspended until the final determination of his appeal. On February 12, 1973, the prayer of the petition was refused by the Court.

Upon the return day of the rule, this proceeding was submitted for decision upon the complaint with its exhibits, upon the petition previously submitted by the respondent, the respondent's exhibits, the answer filed in behalf of the respondent attorney, and upon briefs and oral argument of counsel.

The respondent attorney, Bonn Brown, was jointly indicted with William Wallace Barron and Robert G. Perry on March 24, 1971, in the United States District Court for the Southern District of West Virginia upon three counts of conspiracy to commit bribery and the bribery of Ralph Buckalew, a juror impaneled in the case of United States v. William Wallace Barron, et al., in violation of Title 18, Sections 2, 201(b), 201(c), 1503 and 371 of the United States Code. The charges alleged in the indictment constituted a felony under the aforementioned provisions of the United States Code.

Brown pleaded not guilty to all counts of the indictment and, upon his motion, the case was transferred for the purposes of trial to the United States District Court for the Western District of Virginia. The trial was held in September, 1972, and Brown was found guilty by a jury of all three counts contained in the indictment.

4

By an order dated February 2, 1973, the trial court entered judgment on the jury verdict and sentenced Brown to imprisonment for a period of five years and fined him $10,000.00. Brown filed a notice of intent to appeal on February 8, 1973, in the United States District Court for the Western District of Virginia.

Conviction of a charge of conspiracy to commit bribery and a charge of bribery of a jury is, of course, a conviction involving moral turpitude. *In re Robertson*, 156 W.Va. 463, 194 S.E.2d 650; *In the Matter of Barron*, 155 W.Va. 98, 181 S.E.2d 273. In the *Barron* case, this Court said [*In the Matter of Barron, supra* at 102]:

> "It is clear beyond question that each of the crimes of conspiracy to commit bribery and bribing a juror is a crime which involves moral turpitude. It is difficult to consider an offense which is more destructive or corruptive of the legal system of West Virginia than bribery of a juror, especially when such crime is committed by an attorney who is an officer of the Court. Bribery of a juror is a perversion of justice and strikes at the foundation of the judical system of this State; manifestly the crimes of which Barron has been convicted upon his plea of guilty and for which he has been sentenced to imprisonment involve moral turpitude. Conviction of a charge of wilfully, unlawfully and knowingly conspiring to commit bribery and of a charge of bribery of a juror in violation of Title 18, Sections 1503, 371, 201 (b) and 2, United States Code, is a conviction involving moral turpitude."

The Legal Ethics Committee of the West Virginia State Bar, as required, has transmitted to this Court conclusive evidence of the respondent's conviction of a crime involving moral turpitude.

The duty of this Court in this respect is stated in the second point of the syllabus of *In the Matter of Mann*, 151 W.Va. 644, 154 S.E.2d 860:

> "Section 23, Part E., Article VI of the By-Laws of the West Virginia State Bar imposes upon any

court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude."

The fact of conviction is not contested by the defendant and it is, therefore, the mandatory duty of this Court to suspend the license of the respondent unless he can demonstrate that the provisions of Section 24 do not apply to him or unless the defendant demonstrates good cause why his license should not be suspended pending appeal. *In re Berzito,* 156 W.Va. 201, 192 S.E.2d 227; *In re Robertson, supra; In the Matter of Barron, supra; In the Matter of Trent,* 154 W.Va. 333, 175 S.E.2d 461; *In the Matter of Mann, supra.*

The respondent attorney on February 10, 1973, presented to this Court his petition pursuant to the provisions of Section 24, alleging good cause why his license to practice law should not be suspended pending appeal. In summary, the reasons assigned by the respondent attorney as grounds for good cause are first, that he has never been disciplined in any matter by any bar association during his many years of the practice of law in the State of West Virginia; secondly, that he has a large practice which is his sole means of support and that his practice will be irreparably damaged if his license to practice law is suspended; third, that he is innocent of the charges of which he was convicted; and fourth, that he has appealed the conviction and circumstances indicate that he has a good chance of prevailing upon appeal. It is not felt that these assigned reasons constitute "good cause" for suspending disciplinary action under the provisions of Section 24.

The respondent's principal remaining contention is that the provisions of Section 24 providing for suspension of a license pending the outcome of an appeal do not apply to him because such application of the rule would be retroactive. He contends, and it is not disputed,

that both the occurrence of the offenses and the indictment occurred prior to the enactment of the amended Section 24.

Before its amendment on December 7, 1971, Section 24, Part E, Article VI of the By-Laws of the West Virginia State Bar was in part as follows:

" * * * An attorney shall not be deemed to have been 'convicted' or there shall not be deemed to have been a 'conviction' within the meaning of section twenty-three, except the first paragraph thereof, or this section twenty-four, until the time for appeal has expired, if no appeal has been taken, or until the judgment of conviction has been affirmed on appeal, or has otherwise become final. * * * "

In other words, under the provisions of this Section as it existed prior to December 7, 1971, the license of an attorney convicted of a crime involving moral turpitude would not be suspended or annulled until after his conviction became final after appeal.

On December 7, 1971, this Court approved an amendment to that section of the By-Laws, providing in substance that the license could be suspended pending appeal. The pertinent part of the amendment is as follows:

" * * * An attorney shall be deemed to have been convicted within the meaning of section twenty-three and this section twenty-four upon the entry of the order or judgment of conviction by the trial court, and such attorney's license shall be thereupon suspended notwithstanding the pendency of an appeal, unless within ten (10) days after the entry of said judgment order of conviction such attorney shall file with the supreme court of appeals a petition showing good cause why his license should not be so suspended or annulled."

The respondent attorney contends that because the offenses charged to him occurred prior to the amended provisions of Section 24, this case is governed by the

pre-1971 provisions which prohibit suspension or annulment until conviction is final after appeal. Counsel for the respondent attorney during the initial presentation of the case contended that such retroactive application of the provisions of Section 24 would be ex post facto in nature and, therefore, constitutionally prohibited. In his supplemental brief, counsel retreated from this position but maintains the present Section 24 was not intended to apply retroactively.

It is first of all obvious that the constitutional rules relating to ex post facto laws do not apply to the kind of rules such as Rule 24, relating to attorney-disciplinary cases. 16A C.J.S., *Constitutional Law,* Section 437, pages 144-46; 16 AM. JUR. 2d, *Constitutional Law,* Section 397, page 736 and cases cited therein.

The general rule outlining the nature of disbarment proceedings is stated in numerous cases and nowhere more succinctly than in 7 C.J.S., *Attorney and Client,* Section 28, page 771-72:

> " * * * However, strictly speaking, such proceedings are neither civil actions nor criminal prosecutions, but are special proceedings, peculiar to themselves, sui generis, disciplinary in nature, and of a summary character, resulting from the inherent power of the courts over their officers, and they usually relate to conduct unbecoming to an attorney after his admission to practice. Such a proceeding is not a lawsuit between parties litigant, but is rather in the nature of an inquest or inquiry as to the conduct of the respondent.
>
> "Although the word punishment is frequently used and it cannot be questioned that disbarment is punishment, it is almost universally held that the proceeding is not for the purpose of punishment of the attorney, but to determine the fitness of an officer of the court to continue in that capacity and to preserve and protect the

courts of justice and the public from the official ministration of persons unfit to practice."

Inasmuch as attorney disciplinary proceedings are no more civil than criminal, rather sui generis, the rules of civil law relating to retroactivity of statutes are not strictly applicable to such proceedings. It is clear that rules providing for procedures to be followed in the disciplining of attorneys may be applied retroactively to an offense occurring prior to the enactment of the rule. *In re Craven,* 178 La. 372, 151 So. 625; *Braverman v. Bar Association of Baltimore City,* 209 Md. 328, 121 A.2d 473; *In re Noell,* 234 Mo. App. 1162, 96 S.W.2d 213; *In re Gallant,* 231 Mo. App. 150, 95 S.W.2d 1249; *In re Sparrow,* 338 Mo. 203, 90 S.W.2d 401; *Norfolk & Portsmouth Bar Ass'n. v. Drewry,* 161 Va. 833, 172 S.E. 282.

See the language of *In re Noell, supra* at 1170, 96 S.W.2d at 218, wherein the court said:

> "Respondent contends that rules of court must be held to operate prospectively only. As we understand the recent case of In re Sparrow * * * such is not the law in a case of this character * * * [which] have no applicability to a disbarment proceeding."

Section 24, of course, is only one part of Article VI of the By-Laws of the West Virginia State Bar outlining all of the procedures and disciplinary actions. Section 36 of Part H, under the heading "General Provisions", is an integral part of Article VI. It states in pertinent part:

> " * * * The provisions of this article * * * shall apply to all pending investigations, complaints and other proceedings so far as may be practicable, and to all future investigations, complaints and proceedings, *whether the conduct involved occurred prior or subsequent to alterations or amendments to this article."* (Italics supplied.)

If there was any question whether the amended Section 24 applies to offenses occurring prior to its approval this

was conclusively settled in *Berzito*. Although the retroactive aspect of the rule was not specifically discussed in *Berzito*, it was necessarily decided. Berzito was indicted on February 11, 1972, and found guilty in April, 1972; both dates occurring after the 1971 amendment to Section 24. However, the offenses charged to Berzito were committed some time prior to the 1971 amendment to Rule 24. The instant case is identical in that regard. The only difference between *Berzito* and the case at bar is that Berzito was both indicted and convicted after the amendment, whereas the respondent was indicted prior to the amendment and convicted afterwards. It is stated in the second point of the syllabus of *In re Berzito, supra:*

> "Under the provisions of Section 24, Part E, Article VI of the By-Laws of the West Virginia State Bar, as amended, upon proof that an attorney has been convicted of a crime involving moral turpitude warranting the annulment of the attorney's license to practice law and such conviction is appealed, the attorney's license will be suspended pending the disposition of the appeal."

Lastly, the respondent contends that the proceedings of the Ethics Committee were faulty in that the full Committee did not meet and make a report concerning disciplinary proceedings against the respondent, it apparently being respondent's position that the certificate of conviction should have been submitted for the recommendation of the full Committee before forwarding the certificate to this Court. The record does not affirmatively show the proceedings of the Committee in this respect: The respondent infers, however, because counsel for the Committee admitted in oral argument that there was no formal meeting and inasmuch as Committee action is not shown affirmatively, there is presumption that Committee action was not taken. It is not felt that this is a presumption in which we can indulge, particularly since the only record in the case

is the transmittal of the certificate of conviction by the Chairman of the Committee on Legal Ethics in the name of the full Committee. In addition, Section 4, Part A, Article VI of the By-Laws of the West Virginia State Bar outlining the powers of the Ethics Committee states specifically that the Committee "may proceed in the name of The West Virginia State Bar or in the name of such committee, or in the name of any authorized subcommittee or member or members, as it may deem proper". For these reasons, we do not feel this contention has merit.

In accordance with the reasons stated herein, the license of Bonn Brown to practice law in the State of West Virginia is suspended pending the final disposition of the appeal of his conviction on the charge of conspiring to commit bribery and bribery of a juror in violation of Title 18, Sections 2, 201(b), 201(c), 371 and 1503 of the United States Code, at which time said license to practice law may be either annulled or reinstated.

*License to practice*
*law suspended.*