(No. 23525.—

*In re* LESLIE A. NEEDHAM, Attorney, Respondent.

*Opinion filed June 17, 1936—Rehearing denied October 7, 1936.*

CHARLES LEVITON, *amicus curiæ*.

WILLIAM A. ROGAN, for respondent.

Mr. JUSTICE WILSON delivered the opinion of the court:

On December 26, 1931, an indictment was returned in the United States District Court for the Northern District of Illinois against Leslie A. Needham and others, which charged them with a violation of section 338 of title 18, United States Code, in that they used the United States mails for the purpose of obtaining money and property of others by means of fraud and false pretenses. They were tried, convicted and sentenced to imprisonment on certain counts and fined on other counts. From that judgment they appealed to the United States Circuit Court of Appeals for the Seventh Circuit, where, for errors of law occurring on the trial, the judgment was reversed and the cause remanded for a re-trial. (*Norcott* v. *United States*, 65 Fed. (2d ser.) 913.) Needham and his co-defendants were re-tried, a verdict of guilty as to the respondent was returned by a jury on thirty-two counts, and he was on March 30, 1934, sentenced to imprisonment in jail for one year on each of the counts, the sentence to run

concurrently. The respondent appealed and the judgment was affirmed by the United States Circuit Court of Appeals. (*Needham* v. *United States,* 73 Fed. (2d ser.) 1.) On February 1, 1935, the respondent was committed to the United States Detention Farm at Milan, Michigan, and served his sentence. The record of the respondent's conviction in the Federal court is the basis of the present disbarment proceeding.

Certified copies of the indictment, verdict, sentence, mandate and commitment of the respondent were filed with the commissioners of this court. A citation signed by the chairman of the committee of the designated board of managers and the committee of the Chicago Bar Association, sitting as commissioners of this court, was sent to the respondent, giving him notice of the charge against him. He filed a sworn answer containing seventy-four averments, relating more particularly to the charges in the Federal court and the facts relating to and growing out of the activities of H. O. Stone & Co., which were the subject matter of the indictment. The proceeding was heard before the commissioners, and thereafter their report recommending the respondent's disbarment was filed in this court. The respondent filed exceptions to the report.

The substance of the respondent's contentions are: (1) That there was no sufficient complaint against him to confer jurisdiction on the court to adjudge him guilty of conduct which would warrant. an order of disbarment; (2) there was no legal and competent evidence to sustain the findings and recommendations of the commissioners of this court; (3) the respondent should not be disbarred upon the record of his conviction in the Federal court alone but other evidence should be heard; and (4) the record is insufficient to justify the respondent's disbarment. The foregoing contentions will be considered in two general groups.

It is contended that the managers or committees of the Chicago Bar Association may not originate and hear pro-

ceedings and recommend an attorney's disbarment, and that the procedure followed in this case was in conflict with the new Civil Practice act. The Civil Practice act does not purport to limit the court's authority to make rules and provide a procedure for the hearing of disbarment proceedings by a commission, which shall make recommendations to the court. On April 21, 1933, this court adopted a new method of procedure for the investigation of practices of attorneys. (355 Ill. 57, Rule 59, and note pages 58 and 59.) That procedure was followed in this case. A hearing in a matter of this kind is not governed by common law rules of pleading or the rules which are observed in criminal cases. (*In re Sanitary District Attorneys,* 351 Ill. 206.) Courts have inherent and summary jurisdiction over attorneys practicing at their bars. (*In re Day,* 181 Ill. 73, 87; *Moutray* v. *People,* 162 id. 194.) Jurisdiction was vested in the commission to hear the proceeding. The respondent was given notice of a definite charge against him, was heard in his own behalf, and was deprived of no right to which he was entitled under the law. (*In re Mack,* 360 Ill. 343.) It is asserted that not every member of the commission voted upon the report submitted to the court. That was not essential. The majority of the committee voted for the report, and that was sufficient.

It is contended that a disbarment proceeding is of a civil character; that the hearing is judicial and must be governed by the same rules as to competency of the evidence which apply in other cases to questions of fact. This is a correct statement of the law. (*People* v. *Stonecipher,* 271 Ill. 506; *People* v. *Amos,* 246 id. 299.) The issue here was very simple. Only the record in the Federal court was involved. The respondent had an opportunity to be heard upon it and did not deny his conviction by that court.

None of the first group of contentions requires a different conclusion from that reached by the commission and embodied in its report.

It is contended that the judgment of the Federal court is not binding here, and that the respondent should have been permitted to show his innocence of the crime charged in the indictment in that court. In many States statutes provide for the disbarment of attorneys upon conviction of crimes involving moral turpitude. (*In re Kaufmann*, 245 N. Y. 423; 3 Comp. Laws of Mich. 1929, sec. 13585, p. 4869; Throckmorton's Ann. Code of Ohio 1934, sec. 1707, p. 948; Code of Iowa 1935, sec. 10930, p. 1567; *In re Collins*, 188 Cal. 701; *State* v. *Prendergast*, 84 Ore. 307; *In re Hopkins*, 54 Wash. 569; *In re Kirby*, 10 S. Dak. 322; *In re Kerl*, 32 Ida. 737; *In re Williams*, 64 Okla. 316; *In re Sutton*, 50 Mont. 88.) In Illinois, even without a statute on the subject, a judgment of conviction of an attorney of a crime involving moral turpitude is conclusive evidence of his guilt and is ground for disbarment. *People* v. *Meyerovitz*, 278 Ill. 356; *People* v. *Gilmore*, 214 id. 569; *People* v. *John*, 212 id. 615; *People* v. *George*, 186 id. 122.

Counsel for the respondent cites *State* v. *Prendergast, supra,* and *In re Kaufmann, supra,* in support of his contention that the Federal court judgment against the respondent here should not be held conclusive in this disbarment proceeding. In the former of those cases the offense charged in the Federal court was not a felony or misdemeanor under any Oregon statute, and because of the wording of the complaint in the disbarment proceeding it was held subject to demurrer. In the latter case there was a conviction of a criminal offense in the Federal court. Under the New York statute an attorney's disbarment automatically followed his conviction of crime, but under another statute of the State, upon a pardon, the Appellate Division had the power to vacate an order affecting, or a judgment of disbarment of, an attorney, and the President of the United States had pardoned the attorney who was convicted in that case. Both of the cases cited are distinguishable from the present case, as are the other cases cited by the respondent's counsel.

The United States statute charged to have been violated by the respondent creates and defines a crime the commission of which involves moral turpitude. (*In re Comyns,* 132 Wash. 391; *Byron* v. *United States, 273* Fed. 769.) Anything done knowingly contrary to justice, honesty or good morals involves moral turpitude. (Bouvier's Law Dict.; 5 Words and Phrases, p. 4581; 6 Corpus Juris, sec. 42, note (*a*), p. 585; *Marsh* v. *State Bar of California,* 210 Cal. 303; *In re Williams, supra.*) Attempting to obtain the money or property of others by fraud or false pretenses, whether through the use of the mails or otherwise, involves moral turpitude. It is not necessary that the statute enumerate and define the causes for which an attorney's name may be stricken from the roll of attorneys. His conduct need not necessarily amount to a crime to constitute sufficient grounds for disbarment. It rests with the court. to determine who are qualified to become its officers as attorneys and for what cáuses they shall be removed though the statute pronounces certain acts of attorneys grounds for disbarment. If an attorney has been guilty of malconduct in his office his name may be stricken from the roll of attorneys. Ill. State Bar Stat. 1935, chap. 13, sec. 6, p. 147; Smith's Stat. 1935, sec. 6, p. 189; *People* v. *Gorman,* 346 Ill. 432; *People* v. *Moutray,* 166 id. 630; *People* v. *Amos, supra.*

In the sworn answer of the respondent it is recited that notwithstanding the respondent's conviction and imprisonment for the offense charged against him in the Federal court the conviction was obtained by false and erroneous charges as to a loss in its business sustained by H. O. Stone & Co. for the year 1928; that subsequent to the respondent's conviction the United States government investigated the earnings of H. O. Stone & Co. and found that it had earnings for that year and an income tax thereon was paid to the government; that subsequently the receiver for H. O. Stone & Co. obtained a refund of the tax so paid, but there-

after the government decided that an error had been committed in refunding the amount of the income tax and instituted a suit in the United States District Court against the receiver to recover the amount. The respondent's contention is that the sworn answer showing the foregoing and other facts overcame every inference in support of the respondent's guilt arising from the record of his conviction, and that the facts averred in the sworn answer are not denied and must be deemed to be confessed. There is no averment in the respondent's answer nor does it appear that the suit instituted by the government has been terminated. Moreover, the financial condition of H. O. Stone & Co. in 1928 would not be determinative of the guilt or innocence of the respondent. The indictment in the Federal court was not based upon the financial status of H. O. Stone & Co. in any one year, but it was charged that although the company's business increased in volume its financial affairs became greatly involved and it was operated at a loss; that for two years immediately preceding December, 1930, it had no property or assets of any appreciable value not already pledged as collateral and its unsecured obligations were practically worthless and it was practically bankrupt, of which fact the defendants (including the respondent) had full knowledge; that notwithstanding such knowledge the unlawful and felonious schemes were devised and the United States mails used to obtain the money and property of persons as charged. The respondent acted as attorney for H. O. Stone & Co. until August 5, 1930.

This court will not go behind the record of the respondent's conviction. It was conclusive evidence of the respondent's guilt. (*People* v. *Meyerovitz, supra; People* v. *Gilmore, supra; People* v. *John, supra; People* v. *George, supra.*) It disclosed sufficient cause for the respondent's disbarment. The recommendation of the commission is adopted and the respondent is disbarred.

*Respondent disbarred.*