(No. 23649.—

In re Arthur W. Kettles, Attorney, Respondent.

*Opinion filed December 10, 1936—Rehearing denied Feb. 3, 1937.*

CHARLES LEVITON, *amicus curiæ*.

SAMUEL G. RAUTBORD, for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This proceeding against the respondent, Arthur W. Kettles, was begun pursuant to the order of this court dated April 21, 1933. The commissioners have filed a report and have moved that the respondent be disbarred and that his name be stricken from the roll of attorneys. The respondent has filed exceptions to the report, and has also filed a motion to suppress the depositions of the complaining witnesses, George T. and Mary H. Goodridge. This motion has been taken with the case.

On October 9, 1934, the Goodridges filed a complaint with the committee on grievances of the Chicago Bar Association. They charged the respondent with converting to his own use a certain mortgage, and the proceeds thereof, belonging to George T. Goodridge. In 1920 Mary H. Goodridge, as guardian of George T. Goodridge, a minor, placed with the respondent, as her attorney, $2983 for investment. The respondent purchased a first mortgage of $3000 on a residence in Chicago. Later the guardian gave the respondent a trust deed and principal and interest notes for collection. From 1921 to 1929 the respondent remitted to the Goodridges the sum of $1047.13. In response to inquiries the respondent told the Goodridges that the principal had not been paid and that the mortgagor was unable to meet the payments as they became due. Various explanations were made as to why the mortgagor had not paid, and in the latter part of 1933 Mrs. Goodridge employed other attorneys, who discovered that the mortgage had been released on February 18, 1927. Letters from the respondent dated after the mortgage had been paid were

in evidence, and they showed that the respondent pretended that the mortgagor was in default, and that the mortgage could not be sold on account of business conditions in Chicago but that the respondent was making every effort to convert the mortgage into cash. The evidence shows that the respondent appropriated to his own use most of the interest accruing on the mortgage from 1921 to 1927, when he used the principal of $3000. The respondent's answer, filed on December 13, 1934, was in the form of a letter to the grievance committee and asked for an extension of time in which to examine his books, because the transactions had taken place over a number of years. He expressed confidence that he could produce canceled checks for a much larger amount than he was given credit for. He also stated that he intended to file an elaborate and properly formulated answer very soon. He never filed the formal answer or appeared further in the case until the grievance committee had reported.

The respondent urges in support of his motion to suppress the depositions, (1) that there was no notice served upon him for the suing out of the *dedimus* to take the depositions of the Goodridges in Florida; (2) that he was not served with ten days' notice of the taking of such depositions, plus one day for each hundred miles of travel from Chicago to Clearwater, Florida; (3) that the respondent was not served with personal notice of the date of taking such depositions; (4) that the depositions were not returned to the clerk of this court, who issued the *dedimus,* and were not filed by him; and (5) that the return of the depositions was not accompanied by a certificate under the great seal of the State of Florida, or under the seal of the proper court of record of the county or city wherein they were taken, of the official character of the notary public who took such depositions under the *dedimus.*

The principal and conclusive reason urged against the allowance of the motion is that the objections here raised

against the depositions have been waived by failure to make the motion in proper time. Disbarment is a civil proceeding. The hearing is judicial and is governed by the same rules of evidence as apply in other cases. *(In re Needham,* 364 Ill. 65, 68; *People* v. *Stonecipher,* 271 id. 506.) The respondent by his informal answer entered his general appearance, and it was his duty to watch the proceedings in his case, and his negligence in failing to ascertain when the case would be tried does not excuse his absence. *(Staunton Coal Co.* v. *Menk,* 197 Ill. 369, 375; *Bardonski* v. *Bardonski,* 144 id. 284.) In the case at bar the committee on grievances mailed notice to the respondent on November 7, 1935, that the Goodridge depositions were to be taken at Clearwater, Florida, on November 16, 1935, and that he could be represented by counsel at such hearing if he so desired. On November 8, 1935, a copy of this notice was also served by leaving it with the respondent's mother, Elizabeth Kettles. The respondent ignored these notices and was not represented at the time the depositions were taken. On January 7, 1936, a notice was mailed to him, with a copy of the depositions, stating that the depositions would be offered in evidence on January 15, 1936, at 7:15 P. M. The next day a copy of this notice was served on him by leaving it with his mother. Mrs. Kettles stated to Charles Lind, when he served the notice, that the respondent would be out of the city for about three weeks, and her statement was written across the return of service. The hearing was held as scheduled and the respondent was not present or represented but the depositions were offered and received in evidence. On February 19, 1936, the report of the commissioners recommending disbarment of the respondent was approved and ordered sent to respondent, with notice that he could file objections thereto if he so desired. On February 20, 1936, a copy of the report was mailed to the respondent, with notice that he could file objections on or before March 3, 1936, and that such ob-

jections would be considered on March 4, 1936. The respondent wrote a letter dated March 2, 1936, asking for an extension of time, but no extension was granted, and the report was forwarded to the board of managers for its approval.

Sections 26 and 28 of "An act in regard to evidence and depositions in civil cases," approved March 29, 1872, (Laws of 1871-72, p. 405; 51 S. H. A. 26, 28; State Bar Stat. 1935, chap. 51, pars. 26, 28;) provide that the party desiring to take the deposition of a non-resident witness shall give ten days' notice of the time and place of taking the deposition, plus one day in addition for every one hundred miles of travel. Respondent contends that this notice must be served personally. Rule 7 of this court describes the manner of serving papers other than process, as follows: "(a) By delivering the same to the attorney or party personally; (b) or, by leaving them in the office of the attorney with his clerk, or with a person in charge thereof; or if a party be not represented by counsel, by leaving them at the residence of the party with some person of the family of the age of ten years or upward; (c) or, by depositing them in a United States post-office or post-office box, enclosed in an envelope, plainly addressed to such attorney at his business address, or to the party at his business address or residence, with postage fully prepaid." In the absence of a specific provision in the Evidence act covering the manner of giving notice the above rule applies, and service of the notice by leaving a copy with respondent's mother and by mailing it to him was sufficient. If respondent wished to object that the notice was not served in proper time he should have moved to suppress the depositions before they were offered in evidence. (*Illinois Central Railroad Co.* v. *Foulks,* 191 Ill. 57, 74; *In the Matter of Noble,* 124 id. 266; *Kassing* v. *Mortimer,* 80 id. 602; *Corgan* v. *Anderson,* 30 id. 95.) In the last cited case we said, at page 98: "Many substantial objections might have

been taken to the deposition, which seem, from the record, to have been overlooked. In the first place, it does not appear to have been taken under a *dedimus* or otherwise, before any judge or other officer, or commissioner appointed to take it. Second, it is not entitled in the cause, nor does it make any reference to the cause in which it was read; nor does it show when or where it was taken, or that any notice was given of the suing out a *dedimus,* or any other notice. Notwithstanding these objections, if they, or some of them, were not urged before the trial, as ground for suppressing the deposition, it could, no doubt, be read to the jury; for a deposition, never so defective and objectionable, can be read as evidence, by consent and unchallenged." In that case the deposition was suppressed because the want of notice had been urged in the motion to suppress before the trial, but such is not the case here, where, instead, the motion was made for the first time in this court.

The point that the depositions should have been excluded because they were not accompanied by a certificate of the official character of the notary taking them, under the great seal of the State of Florida or under the seal of the proper court of record of the county or city wherein the depositions were taken, was also waived by the respondent's failure to move to suppress the depositions before the trial. In any event, the depositions in question were taken under a commission sued out of the office of the clerk of this court and no certificate was necessary. (*Temby* v. *Brunt Pottery Co.* 229 Ill. 540; *Kendall* v. *Limberg,* 69 id. 355.) The motion to suppress is denied.

With the depositions in evidence, the respondent's contention fails that he was not proved guilty to the degree required in disbarment proceedings. He has never filed an answer denying the charges in the complaint but has almost wholly ignored the proceedings before the grievance committee and on technical objections has sought to have the

depositions stricken in this court. He does not claim that he would present a defense to the merits if the cause were remanded.

The recommendation of the commissioners is adopted and the respondent is disbarred. *Respondent disbarred.*