(No. 26017.—

IN RE JOHN E. CARR, Attorney, Respondent.

*Opinion filed June 13, 1941.*

DONALD GRAY, *amicus curiae.*

J. E. CARR, *pro se,* respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

The grievance committee of the Illinois State Bar Association, acting under authority of rule No. 59 of this court, has filed a report concerning the professional conduct of the respondent, John E. Carr, and recommends his disbar-

ment. He has filed exceptions to that report. It appears from the report that in response to numerous complaints an investigation was made of the professional conduct of the respondent, resulting in a complaint filed with the grievance committee of the Illinois State Bar Association. In this complaint respondent was charged with fourteen separate instances of unprofessional conduct. He answered the complaint and attended the hearings before the commissioners. Three specifications were dismissed by *amicus curiae* and two were found by the commissioners not to have been proved. As to the remaining nine the commissioners find: (1) That respondent knowingly filed in the city court of Johnson City, Williamson county, a forged and fraudulent entry of appearance in the divorce case of *Howard* v. *Howard,* and knowingly filed and prosecuted the suit in that court when he knew that neither of the parties to the suit resided in Johnson City or in Williamson county; (2) that on June 26, 1937, respondent, on the representation that he had procured for one Ruby Iubelt, in the circuit court of Williamson county, a divorce decree, collected a fee of $40 from her, when, in fact, he had never filed such suit, and that he knowingly and wilfully furnished her with a fraudulent copy of decree for divorce when no such decree existed; (3) that respondent knowingly filed in the city court of West Frankfort, Illinois, a false entry of appearance of the defendant in the divorce case of *Fornelli* v. *Fornelli,* in which case respondent was attorney for the plaintiff. The decree which he later secured was set aside because of the forged entry of appearance; (4) that respondent, on or about February 2, 1931, entered a plea of guilty in the case of *United States* v. *Zielinski and John E. Carr,* in the United States District Court of the Eastern Division of Illinois. Respondent was in that case indicted on a charge of violating the National Bankruptcy act and conspiring to conceal the assets of the bankrupt, and was punished on such plea; (5) that respondent filed and prose-

cuted in the city court of Johnson City a divorce proceeding in the case of *Hazel* v. *Hazel,* knowing that neither party was a resident of Johnson City, and that he knowingly filed a forged and fraudulent entry of appearance of the defendant in that suit. The sixth count is a similar charge of filing a forged entry of appearance in the city court of Johnson City in the case of *Trepanier* v. *Trepanier;* (7) that respondent, as attorney for the plaintiff, prosecuted the divorce case of *Oliver* v. *Oliver,* in the city court of Marion, in Williamson county, at a time when he knew that neither party was a resident of the city of Marion but resided in West Frankfort, in Franklin county, and that in that proceeding respondent knowingly filed an entry of appearance which purported to have been executed by the defendant Arnold Oliver at a time when he knew defendant was insane and an inmate of a State hospital. The eighth specification is that respondent, as attorney for the defendant in a separate maintenance suit of *Mary Rose* v. *Ernest Rose,* wherein a decree had been entered in favor of the plaintiff, advised defendant to go to Arkansas and there secure a divorce to evade the maintenance payments to his wife, knowing that such divorce would be fraudulent, and that respondent assisted Rose in procuring a lawyer in Arkansas who would obtain the fraudulent decree. The ninth specification and finding is that the respondent, as attorney for one Flossie Moore, filed for her a bill for divorce against her husband Earl, in the circuit court of Franklin county, in which county the plaintiff resided. The cause went to a hearing but a decree was refused for lack of sufficient evidence, and that, afterwards, while the above suit was still pending, respondent filed another suit for divorce for the said Flossie Moore against her husband in the city court of Herrin, in Williamson county, well knowing that neither party was a resident of the city or county, and secured a decree in the city court of Herrin

while the cause was pending between these parties in Franklin county.

Respondent has filed exceptions to the report but does not bring the record or transcript of evidence or such parts thereof as would enable this court to pass upon exceptions to the findings, as required by rule No. 59. The record before us, therefore, consists of the report and recommendations of the commissioners and the exceptions of the respondent. In such case the only question to be considered pertaining to the facts, is whether the facts found warrant the conclusion that the respondent's name should be stricken from the roll. *People* v. *Gilbert,* 263 Ill. 85; *People* v. *Tilton,* 284 id. 385; *People* v. *Pio,* 308 id. 128.

The record is open to determine legal conclusions to be drawn from the facts. This court has consistently held that an attorney who, through false evidence and false representation, seeks to secure a decree, or who falsely alleges a cause of action known to be untrue, subjects himself to disbarment. (*People* v. *Hill,* 182 Ill. 425; *People* v. *Beattie,* 137 id. 553.) That which an attorney does knowingly, and which is contrary to justice, honesty or good morals, involves moral turpitude and his conviction of a crime involving moral turpitude is conclusive evidence of his guilt and constitutes ground for disbarment. *In re Needham,* 364 Ill. 65.

Respondent does not argue the question of facts found by the commissioners but contends that the complaint is not sufficient for two reasons: (1) The affidavit attached thereto was not sworn to positively, (2) the complaint was faulty in that the names and addresses of witnesses to appear against respondent were not endorsed thereon. He cites in support of these contentions *People* v. *Arey,* 318 Ill. 305. These contentions overlook the repeated holdings of this court that a proceeding to strike the name of an attorney from the roll is not a criminal prosecution and is

not subject to the rules of criminal law. (*In re Doss,* 367 Ill. 570; *In re Sanitary District Attorneys,* 351 id. 206; *People* v. *Stonecipher,* 271 id. 506.) The complaint filed was sufficient under the provisions of rule No. 59 of this court. Respondent was given definite notice of the charges against him. He was heard in his own behalf and given complete opportunity to refute the charges. There is no merit to this contention.

Respondent has also raised other technical objections, none of which, however, go to the merits of the hearings or of the charges against him. As was said by this court in *In re Lenox,* 371 Ill. 505, and *In re Anderson,* 370 id. 515, an attorney, as respondent, may not invoke technicalities to combat a charge against his professional integrity, where the facts show that notwithstanding the technical defense his conduct was ethically or morally without support. The conduct of respondent, as shown under the various specifications against him, shows an utter disregard of the fundamentals of professional integrity.

The report of the commissioners is confirmed and the name of the respondent is ordered stricken from the roll of attorneys of this State.　　*Respondent disbarred.*