(No. 34436.—

*In re* T. RENFROE EATON, Attorney, Respondent.

*Opinion filed September 18, 1958.*

CHARLES LEVITON, of Chicago, *amicus curiae*.

T. RENFROE EATON, of Chicago, *pro se*.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The Committee on Grievances of the Chicago Bar Association, as commissioners of this court, has recommended the disbarment of T. Renfroe Eaton, an attorney. The report and recommendation followed a hearing on the complaint of the Committee on Inquiry charging the respondent had been indicted and convicted of using the mails to defraud and obtaining money by false representations. Respondent asserts that the record does not support the findings and recommendation and has brought same here for review.

The complaint of the committee is based upon respondent's indictment in the district court of the United States for the Northern District of Alabama, Southern Division, in four counts charging him with using the mails to defraud in violation of section 1341, Title 18 U.S.C., and his subsequent conviction upon a plea of *nolo contendere*.

Respondent filed a motion with the commissioners to strike the complaint primarily upon the ground that a judgment on a plea of *nolo contendere* does not amount to a

judgment of conviction and cannot be treated as an admission in any other proceeding. The motion further alleged that such a judgment would not support the assertion in the complaint that, by reason of the conviction, respondent had been guilty of misconduct involving moral turpitude which tends to bring the legal profession into disrepute. The motion was supported by an affidavit wherein it was related that respondent was innocent and that he tendered the plea of *nolo contendere* because of prejudice against him due to his activities in behalf of the colored race. The motion was overruled and respondent filed his answer. The matter was heard upon the record of the indictment and conviction with no other evidence adduced by the committee. Extensive testimony was produced by respondent to support his contention that the plea was made through duress and fear and that he was discriminated against. Thereafter the commissioners entered an order reopening the proofs to permit evidence in refutation of respondent's evidence which he contended showed he was impelled to enter the plea.

Respondent contends that a certified copy of the indictment and judgment entered on a plea of *nolo contendere* is inadmissible. He further argues that even if admitted in evidence, the record on such a plea does not constitute *prima facie* evidence of the truth of the charges.

It is the established rule in this State that conviction of a crime involving moral turpitude is conclusive evidence of an attorney's guilt and ground for disbarment. (*In re Needham,* 364 Ill. 65; *In re Carr,* 377 Ill. 140.) We have further said that moral turpitude is involved where an attorney is convicted of a crime in which fraud is an element. *In re Needham,* 364 Ill. 65; *In re Teitelbaum,* 13 Ill.2d 586.

The crime here, as in the *Needham case,* was the use of the mails to defraud. In that case the record of the conviction was the only evidence adduced and we held that the conviction was conclusive. We need, therefore, to consider

the difference in effect, if any, between a conviction after a plea of not guilty and a conviction on a plea of *nolo contendere.*

Since a plea of *nolo contendere* is not recognized in Illinois practice (*People* v. *Miller,* 264 Ill. 148), we have seldom been called on to consider its effect in disciplinary proceedings.

*In re Smith,* 365 Ill. 11, arose out of a conviction in the United States district court for overcharges of fees for services rendered mothers of war veterans. While the respondent in that case denied his guilt, he was prevailed upon to enter a plea of *nolo contendere.* The court refused to disbar or suspend the respondent, but did censure him. There was some discussion about a plea of *nolo contendere* but the decision was based purely upon lack of proof of intentional wrongdoing. No mention was made in the *Smith case* of the conclusiveness of the conviction as held in the *Needham case* filed six months previously, but that is understandable since moral turpitude does not appear to have been involved in the offense with which Smith had been charged. We do not regard the *Smith case* as sustaining respondent's position.

The case of *In re Teitelbaum,* 13 Ill.2d 586, filed subsequent to respondent's brief, was a disciplinary proceeding arising out of an attorney's convictions under section 145(b) of the Internal Revenue Code following a plea of not guilty and a trial in one case and a conviction on a plea of *nolo contendere* in another. While the particular problem was not there discussed at length, we treated the convictions as having an identical effect.

Turning to the views of other jurisdictions, we find that it is generally recognized that a plea of *nolo contendere* cannot be used as an admission in any civil suit for the same act nor in a later criminal proceeding. (152 A.L.R. 280, 281.) On the other hand the effect and admissibility of a conviction under such a plea is the subject of much dis-

cussion and widely divergent points of view. Some jurisdictions, such as Massachusetts, flatly prohibit proof of conviction on the plea (see *White* v. *Creamer,* 175 Mass. 567), while others hold that the fact of conviction may be shown with the same consequences as if the conviction were after a plea of guilty or not guilty. (See *Neibling* v. *Terry,* 352 Mo. 396, 177 S.W.2d 502; *Com. ex rel. District Attorney* v. *Jackson,* 248 Pa. 530, 94 Atl. 233; *Louisiana State Bar Association* v. *Connolly,* 201 La. 342, 9 So.2d 582.) It is recognized that some of the decisions in the latter jurisdictions are based on statutes which provide for revocation of licenses, increased penalties for multi-offenders and the like, following a conviction (such as Texas), and others partly upon a statute and partly by court rule (notably Missouri), but we see no difference whether the penalties imposed for a conviction are provided by statute, rule, or court decision. If the convictions are admissible under statutes authorizing revocation for example (and they are in most jurisdictions), then they should be admissible in jurisdictions where disbarment is the penalty for conviction of crimes which involve moral turpitude.

As above noted it has been established by decision in this State that conviction of a crime involving moral turpitude is ground for disbarment. (See: *In re Needham,* 364 Ill. 65; *In re Pontarelli,* 393 Ill. 310; *In re Teitelbaum,* 13 Ill.2d 586; and cf. *People ex rel. Keenan* v. *McGuane,* 13 Ill.2d 520.) This well-established rule is based upon *conviction* of an attorney rather than any admission implied in his plea. (*People ex rel. Johnson* v. *George,* 186 Ill. 122; *People ex rel. Deneen* v. *John,* 212 Ill. 615; *People ex rel. Chicago Bar Assn.* v. *Meyerovitz,* 278 Ill. 356.) Section 2.06 of the American Bar Association Model Rules of Court for Disciplinary Proceedings, approved February, 1956, reads in part: "Conviction of a crime involving moral turpitude shall be conclusive proof of the guilt of the respondent, and a plea or verdict of guilty

or a plea of nolo contendere, where followed by a judgment of conviction, shall be deemed to be a conviction within the meaning of this rule." Undoubtedly the framers of this rule considered the problem and concluded that the record of a conviction following a plea of *nolo contendere* is admissible.

In our opinion there is no logical distinction in a disciplinary proceeding between a conviction under a plea of *nolo contendere*, on the one hand, and a conviction under a plea of guilty or an adjudication of guilt after a plea of not guilty, on the other. The issue here is whether the respondent has been convicted of a crime involving moral turpitude. The record shows that he has been so convicted and is admissible.

Respondent complains of having been called under section 60 of the Civil Practice Act for cross-examination on the ground that the provisions of the act do not apply. This has no merit, since we have held that a disbarment proceeding is civil in nature, the hearing judicial, and is governed by the same rules of evidence as other cases. *In re Kettles,* 365 Ill. 168 *In re Melin,* 410 Ill. 332.

It is next asserted that the recommendation of the commissioners is based in part on charges, not contained in the complaint, that respondent testified falsely in these proceedings, and that statements in support of the recommendation have not been established by clear legal proof.

It is true that an attorney can be tried only on the charges contained in the complaint (*People ex rel. Noyes* v. *Allison,* 68 Ill. 151; *People ex rel. Deneen* v. *Matthews,* 217 Ill. 94), however, we have held that giving false testimony in a hearing concerning his alleged misconduct demonstrates further his unfitness to practice law. (*In re Rosenburg,* 413 Ill. 567; *In re Thomson,* 3 Ill.2d 308.) It was within the province of the commissioners, indeed their duty, to call attention to the false testimony in which respondent indulged at his hearing.

The commissioners reopened the case to permit inquiry

into respondent's claim that he was really innocent of the crime for which he was indicted and that he pleaded *nolo contendere* because of duress and fear. Numerous letters were introduced which showed that he was trying to, and did, procure funds from a Mrs. Green in Chicago and the letters were replete with misrepresentations of fact. This evidence was entirely proper as rebuttal to the defense of respondent. The protestations of innocence and alleged discrimination against respondent by the Federal court in Alabama is not borne out by the record. On the contrary, the evidence clearly establishes that respondent was guilty of the crime charged.

The findings of the commissioners are abundantly supported by the record, and we find no reason for exercising clemency. He has been convicted of the charges in the complaint, has testified falsely in the disbarment proceeding and has again violated the confidence of this court since he had been previously disbarred and reinstated.

We approve the recommendation of the commissioners. It is therefore ordered that T. Renfroe Eaton be disbarred and his name stricken from the roll of attorneys.

*Respondent disbarred.*