*In Re*: Marshall G. West, *A Member of the West Virginia State Bar*

(No. 13158)

Submitted January 18, 1972.    Decided February 22, 1972.

*Campbell, Love, Woodroe & Kizer, John O. Kizer,* for Committee on Legal Ethics of The West Virginia State Bar.

*Marshall G. West,* for defendant.

CARRIGAN, JUDGE:

This is a disciplinary proceeding instituted by the Committee on Legal Ethics of the West Virginia State Bar pursuant to Sections 23 and 24, Part E, of Article VI of the By-Laws of the West Virginia State Bar seeking to have this Court annul the license to practice law of Marshall G. West, a duly licensed attorney and a member of the West Virginia State Bar, for the reason that said West had been convicted of a crime involving moral turpitude.

On December 9, 1969, West was indicted in the United States District Court for the Southern District of West Virginia for using the mails to defraud in violation of 18 U.S.C., Section 1341. West was tried before a jury and convicted of the offense charged on May 12, 1970. On October 16, 1970, the District Court overruled West's motion to set the verdict aside and he was sentenced to confinement for 18 months. West's conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. By order of November 1, 1971, the Supreme Court of the United States denied West's petition for certiorari to the United States Court of Appeals for the Fourth Circuit.

On November 24, 1971, the Legal Ethics Committee filed with this Court certified copies of the various above-mentioned court orders and requested the Court to issue a rule requiring West to appear and show cause why his license to practice law should not be annulled. This Court on November 29, 1971, issued a rule returnable January 18, 1972, requiring said West to appear on said date to show cause why his license to practice law should not be annulled, a copy of said order was personally served on said West on December 2, 1971.

On January 13, 1972, West filed an answer to the charges against him set forth in this Court's order of November 29, 1971, admitting his conviction and other facts, but alleging he was denied due process of law, deprived of property rights and subject to cruel and unusual punishment by reason of this action of the Legal Ethics Committee in requesting the order of this Court entered on November 29, 1971. The Legal Ethics Committee demurred to this answer. We have considered the answer and demurrer thereto, and sustain the demurrer.

On January 24, 1972, Marshall G. West surrendered himself to the United States Marshal in Charleston, West Virginia, to commence serving the sentence imposed upon him.

Anything done contrary to justice, honesty and good morals constitutes moral turpitude in disbarment proceedings. *In Re Carr,* 377 Ill. 140, 36 N.E.2d 243 (1941); *In Re Hatch,* 10 Cal. 2d 147, 73 P.2d 885 (1937).

In the case of *In the Matter of Fletcher W. Mann,* 151 W.Va. 644, 154 S.E.2d 860 (1967) and in *In the Matter of Curtis B. Trent, Jr.,* 154 W.Va. 333, 175 S.E.2d 461 (1970), this Court held that conviction of an attempt to evade income tax constituted moral turpitude. The crime of which West stands convicted involves fraud or attempted fraud, an act consistently and uncontrovertedly recognized as involving moral turpitude.

This Court has heretofore held that conviction of a crime involving moral turpitude requires mandatory annulment of a license to practice law.

> "Section 23, Part E., Article VI of the By-Laws of the West Virginia State Bar imposes upon any court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude." Syllabus, Point 2, *In the Matter of Fletcher W. Mann*, 151 W.Va. 644, 154 S.E.2d 860 (1967); *In the Matter of Curtis B. Trent, Jr.*, 154 W.Va. 333, 175 S.E.2d 461 (1970), and *In the Matter of William Wallace Barron*, 155 W.Va. 98, 181 S.E.2d 273 (1971).

In view of the established fact as to the conviction of Marshall G. West for fraud, a crime involving moral turpitude, and the application of the provisions of Section 23, Part E, Article VI of the By-Laws of the West Virginia State Bar, the license of Marshall G. West to practice law must be and it is annulled.

*License to practice law annulled.*