*In Re:* W. BERNARD SMITH, *a Member of the West Virginia State Bar*

(No. 13493)

Decided July 30, 1974.

*John O. Kizer* for Legal Ethics Committee, The W. Va. State Bar.

*Beckett, Burford & James, R. H. Burford* for W. Bernard Smith.

BERRY, JUSTICE:

In this proceeding instituted by the Committee on Legal Ethics of the West Virgnia State Bar, herein referred to as the Committee, pursuant to the provisions of Sections 23 and 24, Part E, of Article VI of the By-Laws of the West Virginia State Bar, the Committee seeks to have this Court annul the license to practice law of W. Bernard Smith, a duly licensed attorney and member of the West Virginia State Bar.

On September 13, 1971, the respondent was found guilty of violating Section 241 of Title 18 of the United States Code. As a result of this conviction, W. Bernard Smith was sentenced to ten years in prison on October 14, 1971. Section 241 of Title 18 of the United States Code makes it unlawful to conspire to injure any citizen in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United

States. The respondent and four other public officials in Logan County were indicted for conspiring to cast fictitious votes for federal, state and local candidates in the primary election in 1970.

W. Bernard Smith and his co-conspirators appealed their convictions to the United States Court of Appeals for the Fourth Circuit. On June 26, 1973, the Fourth Circuit affirmed the conviction of each of the defendants. Subsequent thereto, the defendants filed a petition for writ of certiorari in the Supreme Court of the United States. On December 10, 1973, certiorari was granted. The Supreme Court of the United States affirmed the conviction of each of the defendants. *Anderson v. United States*, U.S., 94 S. Ct. 2253, L. Ed. 2d.

On June 17, 1974, upon a letter of the Committee addressed to this Court dated June 12, 1974, with which were transmitted a certified copy of the indictment for a felony and a certified copy of an order of the United States District Court for the Southern District of West Virginia entered October 14, 1971, which adjudged W. Bernard Smith to be guilty of the offense charged in the indictment and which sentenced him to ten years imprisonment, and also a certified copy of an order of the United States District Court for the Southern District of West Virginia entered on June 5, 1974, which recited that Smith's conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on June 26, 1973, and that his conviction was also affirmed by the United States Supreme Court on June 3, 1974, this Court issued a rule directed to Smith returnable July 9, 1974, to show cause why his license to practice law should not be annulled or suspended. On July 9, 1974, the return day, an answer was filed on behalf of W. Bernard Smith and the case was submitted for decision upon the aforesaid documents.

The respondent's answer admits the conviction and waived formal hearing. A request was made by the respondent to file, with the record of this case, a copy of

the transcript of the testimony taken at the trial in the District Court, which is denied, but the Court permits such copy to be lodged in the office of the Clerk of the Court.

The pertinent parts of Sections 23 and 24, Part E, of Article VI of the By-Laws of the West Virginia State Bar, under which this proceeding was instituted, provide as follows:

§ 23

\* \* \*

Any court before which any attorney has been qualified, upon proof that he has been convicted—

(a) Of any crime involving moral turpitude or professional unfitness; or,

(b) \* \* \* shall annul his license to practice law.

§ 24

\* \* \*

In any proceeding in any court, before which an attorney has been qualified, to suspend or annul the license of any such attorney because of his conviction of any crime or crimes mentioned in section twenty-three or in this section twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted.\* \* \*

The only question presented in this proceeding is whether the respondent has been convicted of a crime involving moral turpitude or professional unfitness requiring the annulment of his license to practice law.

It has been repeatedly held that this Court has a mandatory duty to annul the license of any attorney who has been convicted of any crime involving moral turpitude upon proof of such conviction being presented to the Court in compliance with the provisions of the By-Laws of the West Virginia State Bar.

It was held in point 2 of the syllabus of the case of *In The Matter of Fletcher W. Mann*, 151 W. Va. 644, 154 S.E.2d 860, that:

> Section 23, Part E, Article VI of the By-Laws of the West Virginia State Bar imposes upon any court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude.

The repondent was convicted of violating Section 241 of Title 18, United States Code, which makes it a crime for two or more persons to conspire to injure any citizen in the free exercise of his federal constitutional rights secured by the Constitution or laws of the United States. The indictment charged that the respondent Smith and his codefendants caused "fraudulent and fictitious votes to be cast * * * all with the purpose and intent that said illegal, fraudulent, and fictitious ballots would be counted, returned and certified as a part of the total vote cast * * *." In other words, he was charged with "stuffing" the ballot box with fraudulent and fictitious ballots.

It has been held by this Court that a conviction on the charge of wilfully attempting to evade and defeat federal income taxes is a conviction of a crime involving moral turpitude making it mandatory to annul the license of an attorney convicted of such offense. *In The Matter of Fletcher W. Mann, supra; In The Matter of Curtis B. Trent, Jr.*, 154 W. Va. 333, 175 S.E.2d 461.

The conviction of conspiracy to commit bribery and bribery of a juror, in violation of Title 18, Sections 1503, 371, 201(b) and 2, United States Code, is a conviction involving moral turpitude requiring the annulment of the license to practice law. *In The Matter of William Wallace Barron*, W. Va., 181 S.E.2d 273; *In Re Brown*, ____ W. Va. ____, 197 S.E.2d 814.

Convictions of conspiracy to bribe public officials and interstate transportation in aid of racketeering enter-

prises were held to be crimes involving moral turpitude and require the annulment of the license to practice law. *In Re Robertson*, W. Va., 194 S.E.2d 650.

A conviction of a charge of using the mails to defraud has been held to be a crime involving moral turpitude requiring the annulment of the license to practice law. *In Re West*, W. Va., 186 S.E.2d 776; *In Re Berzito*, W. Va., 192 S.E.2d 227.

The commission of a crime involving moral turpitude has been defined in many disbarment proceedings as conduct that is contrary to justice, honesty and good morals. *In Re West, supra; In re Hatch*, 10 Cal.2d 147, 73 P.2d 885; *In Re Carr*, 377, Ill. 140, 36 N.E.2d 243.

Certainly, if the crimes in the cases cited above involve moral turpitude, requiring the annulment of the license to practice law, the crime in the instant case involves moral turpitude and warrants the annulment of the license of the respondent to practice law.

It has been consistently held that the conviction of a crime wherein fraud is an element involves moral turpitude. *In The Matter of Fletcher W. Mann, supra; In Re West, supra; In Re Teitelbaum*, 13 Ill.2d 586, 150 N.E.2d 873; *In Re Eaton*, 14 Ill.2d 338, 152 N.E.2d 850. The crime for which the respondent was convicted clearly involves an element of fraud, and is so stated in the indictment upon which he was tried and convicted, and thus this crime unquestionably involves moral turpitude, which makes it mandatory upon this Court to annul the license of the respondent.

For the reasons set out herein, the license of W. Bernard Smith to practice law is annulled.

*License annulled.*