(No. 52973.—

*In re* SEYMOUR HAROLD PATT, Attorney, Respondent.

*Opinion filed September 15, 1980.*

John C. O'Malley, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Seymour H. Patt, of Reno, Nevada, *pro se.*

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

· On August 20, 1975, respondent, Seymour Harold Patt, who was admitted to the bar of Illinois on November 21, 1960, was convicted of the offense of embezzlement in a jury trial in the Second Judicial District Court, Washoe County, Nevada. On October 15, 1975, respondent was

sentenced to a term of imprisonment for three years, but execution of the sentence was stayed and he was admitted to probation for one year. On May 25, 1976, pursuant to Supreme Court Rule 761 (73 Ill. 2d R. 761), because of the Nevada conviction, this court suspended respondent from the practice of law until the further order of the court.

On October 15, 1976, respondent was discharged from probation, and pursuant to Nevada Revised Statutes, section 176.225, the sentencing court entered an order changing the finding of guilty to not guilty and dismissing the information. Section 176.225 provided in part:

> "1. Every defendant who:
> (a) Has fulfilled the conditions of his probation for the entire period thereof;
> ***
> (c) *** may at any time thereafter be permitted by the court to withdraw his plea of guilty or nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty; and in either case, the court shall thereupon dismiss the indictment or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.
> ***
> 3. *** [I]n any subsequent prosecution of the defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the indictment or information had not been dismissed."

On December 6, 1978, the Administrator of the Illinois Attorney Registration and Disciplinary Commission moved that a hearing be held to determine the nature of the discipline to be imposed on respondent. At a hearing held on January 22, 1979, before a panel of the Hearing Board, respondent failed to appear. The Hearing

Board concluded that respondent's actions tended to bring the legal profession into disrepute and recommended that he be disbarred effective *nunc pro tunc* as of May 25, 1976. Respondent filed exceptions to the recommendation, and the Review Board recommended that respondent be disbarred.

Respondent contends that because the Nevada conviction upon which the original suspension was based was vacated "there no longer exists a valid conviction upon which the recommendation of disbarment can be based" and there can be no further disciplinary action by this court. We do not agree. In *In re Browning* (1961), 23 Ill. 2d 483, the respondent had been acquitted of the charge of accessory after the fact to the crime of embezzlement. In a disciplinary proceeding based on the same conduct it was held that the acquittal did not bar the disciplinary proceeding and that the significance of an acquittal must be determined on the facts of each case. Having determined that an acquittal does not, *per se,* serve to bar a disciplinary proceeding, it follows that the vacating of a finding of guilty under the circumstances shown here should not be held to do so.

The only evidence adduced by the Administrator before the Hearing Board was the record of the Nevada conviction, and respondent adduced no evidence. It is therefore necessary to consider whether the conviction, set aside under the circumstances shown here, is sufficient to make out a *prima facie* case for the imposition of discipline. In considering the import in a disciplinary proceeding of a criminal conviction the court in *In re Andros* (1976), 64 Ill. 2d 419, 423, said:

"The rule has developed historically that, if an attorney is convicted of a crime involving moral turpitude, the conviction is conclusive evidence of his guilt and is grounds for the imposition of discipline. This court has held that even in the event

of a subsequent pardon for the crime, 'the pardon could not efface the moral turpitude involved in the crime. It could not obliterate the moral stain upon his character.' (*People ex rel. Johnson v. George,* 186 Ill. 122, 128.) Thus, in crimes involving moral turpitude this court has refused to go behind the record of conviction in a disciplinary proceeding and has considered the conviction as conclusively establishing that grounds for discipline exist. \*\*\* *In re Browning,* 23 Ill. 2d 483, 491; *In re Crane,* 23 Ill. 2d 398; *In re Greenberg,* 21 Ill. 2d 170; *In re Eaton,* 14 Ill. 2d 338; *In re Teitelbaum,* 12 Ill. 2d 586; *In re Needham,* 364 Ill. 65; *People ex rel. Johnson v. George,* 186 Ill. 122."

Prior to August 2, 1976, there was no statute in this jurisdiction similar to the Nevada statute, and the provision now in effect is inapplicable to persons charged with a felony. (See Ill. Rev. Stat. 1979, ch. 38, pars. 1005–1–21, 1005–6–1(c).) This court has not previously considered a similar statute, nor are we aware of any authorities which have construed the Nevada statute insofar as it affects the discipline of attorneys. The Supreme Court of California, considering a statute similar to the Nevada provision, in rejecting a contention like that made by respondent here, in *In re Phillips* (1941), 17 Cal. 2d 55, 61, 109 P.2d 344, 347-48, said:

"The power of the court to reward a convicted defendant who satisfactorily completes his period of probation by setting aside the verdict and dismissing the action operates to mitigate his punishment by restoring certain rights and removing certain disabilities. But it cannot be assumed that the legislature intended that such action by the trial court under section 1203.4 should be considered as obliterating the fact that defendant had

been finally adjudged guilty of a crime. This is made clear by the provision that the fact of the defendant's conviction can be used against him in any later prosecution, despite dismissal of the action under section 1203.4. In brief, action in mitigation of the defendant's punishment should not affect the fact that his guilt has been finally determined according to law."

That respondent's conviction was later vacated and the charge dismissed pursuant to a statutory provision pertaining to probation does not alter the fact that there has been an adjudication which finally determined that respondent committed an act of embezzlement, a crime involving moral turpitude. It is this conduct which gives rise to the need for discipline, the purpose of which is to safeguard the public and maintain the integrity of the profession. (*In re Levin* (1979), 77 Ill. 2d 215, 211; *In re Wigoda* (1979), 77 Ill. 2d 154, 164.) The Nevada conviction for embezzlement conclusively establishes grounds for disciplining respondent, and there remains only the determination of the extent of discipline appropriate to the facts in this case.

Respondent, citing *In re Crane* (1961), 23 Ill. 2d 398, contends that, prior to recommending discipline, the Review Board was under a duty to inquire into the facts and circumstances surrounding his conviction. He asserts that certain mitigating factors were present which, if considered by the Review Board, would militate against disbarment.

In *Crane,* this court said that "a consideration of the actual conduct of the respondent is not only proper, but may be indispensable, to an informed appraisal of the appropriate disciplinary action." (23 Ill. 2d 398, 401.) However, contrary to respondent's contention, *Crane* and its progeny do not require that the Hearing and Review Boards seek out evidence of the circumstances surrounding

a conviction. The holding of *Crane* was simply that an attorney may not be prevented from offering such evidence. Respondent did not appear before the Hearing Board and presented no evidence. Proof of conviction of a crime involving moral turpitude established a *prima facie* case constituting grounds for discipline (*In re O'Hallaren* (1976), 64 Ill. 2d 426, 432) and the burden was on respondent to adduce evidence of mitigating circumstances surrounding the conviction.

In his brief, respondent calls attention to other facts in mitigation which he contends were before the Review Board. He states that he had successfully completed probation, that he had been appointed a trustee in bankruptcy for the United States District Court for the District of Nevada, and that he had been endorsed for reinstatement to the bar of Nevada. Finally respondent states that he was reinstated to the bar of Nevada and that this fact, because it occurred after the hearing, was not before the Hearing and Review Boards. An order of the Supreme Court of Nevada ordering respondent's conditional reinstatement to the bar was filed as an exhibit to a supplement to respondent's exceptions to the report and recommendation of the Review Board. The order provides for a probationary period of one year, supervision by two members of the Nevada bar, and further review by the court of respondent's behavior.

The determination of an appropriate disciplinary sanction is an extremely difficult task. As we said in *In re Andros* (1976), 64 Ill. 2d 419, 425-26, "While a degree of uniformity in the application of attorney discipline is desirable, each case must still be determined on its own merits." The embezzlement or conversion of a client's funds is an act involving moral turpitude and is a gross violation of the attorney's oath which warrants disbarment in the absence of mitigating circumstances. (*In re Stillo* (1977), 68 Ill. 2d 49, 54; *In re Royal* (1963), 29 Ill. 2d

458, 464; *In re Ahern* (1962), 26 Ill. 2d 104, 110.) Since respondent offered no evidence before the Hearing Board, the record discloses no facts sufficient to mitigate the seriousness of respondent's offense. We do not find that the conditional reinstatement in Nevada warrants the imposition of a sanction less than disbarment. We therefore conclude that, as recommended by the Hearing and Review Boards, disbarment is an appropriate sanction. It is the order of this court that respondent be disbarred, effective as of May 25, 1976. See *In re Cook* (1977), 67 Ill. 2d 26.

*Respondent disbarred.*