407 S.E.2d 923

**The COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,**

v.

**Gregory R. GORRELL, a Member of the West Virginia Bar Bar, Respondent.**

No. 20162.

Supreme Court of Appeals of West Virginia.

Submitted July 2, 1991.

Decided July 25, 1991.

Sherri D. Goodman, West Virginia State Bar, Charleston, for complainant.

P. Rodney Jackson, Di Trapano & Jackson, Charleston, for respondent.

PER CURIAM:

In this proceeding, the West Virginia State Bar asks us to annul Gregory R. Gorrell's license to practice law. This matter was set for hearing on July 2, 1991, and was submitted without the benefit of oral argument.

■ It is not disputed that on April 4, 1991, the respondent was convicted by a jury of eleven counts of federal mail fraud under 18 U.S.C. § 1341, all of which are felonies. These criminal acts were a part of a scheme to siphon money from Mr. Gorrell's law partnership with the law firm of Jackson & Kelly. The amount alleged in the indictment was in excess of $360,000.

Through his attorney, the respondent admits these convictions and indicates that an appeal is contemplated. The respondent's only request in his written response, dated June 27, 1991, is that "[i]n the event that the appeal is successful, [the respondent] would desire to reserve the right to petition the Supreme Court of Appeals for reinstatement of his law license." [1]

■ Syllabus Points 1, 2, and 3 of *Committee on Legal Ethics v. Six*, 181 W.Va. 52, 380 S.E.2d 219 (1989), serve to outline the relevant principles in a case to annul an attorney's license:

"1. ' "In a court proceeding initiated by the Committee on Legal Ethics of the West Virginia State Bar to annul the license of an attorney to practice law, the burden is on the Committee to prove, by full, preponderating and clear evidence, the charges contained in the Committee's complaint." Syl.Pt. 1, *Committee on Legal Ethics v. Pence*, 216 S.E.2d 236 (W.Va.1975).' Syllabus Point 1, *Committee on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987).

"2. Where there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction.

"3. ' "Section 23, Part E, Article VI of the By–Laws of the West Virginia State Bar imposes upon any Court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude." Point 2, syllabus, *In The Matter of Mann*, 151 W.Va. 644 [154 S.E.2d 860 (1967)].' Syllabus, *In Re Smith*, 158 W.Va. 13, 206 S.E.2d 920 (1974)."

We have held that the crime of federal mail fraud is a crime involving moral turpitude. *In Re Berzito*, 156 W.Va. 201, 192 S.E.2d 227 (1972); *In Re West*, 155 W.Va. 648, 186 S.E.2d 776 (1972).

■ Article VI, Section 25 of the By–Laws of the West Virginia State Bar provides that if an attorney is convicted of a criminal offense and his license is suspended or annulled and the conviction is subsequently reversed, the attorney is entitled to have his license reinstated. However, such reinstatement does not prohibit or terminate any disciplinary proceeding arising out of the criminal charges. [2] It is rather uni-

---

**1.** In an earlier response dated May 8, 1991, the respondent reserved the right to a mitigation hearing; however, this has apparently been abandoned. Even if it were not, it is doubtful that the respondent would be entitled to a mitigation hearing under Syllabus Point 3 of *Committee on Legal Ethics v. Folio*, 184 W.Va. 503, 401 S.E.2d 248 (1990). The respondent also wanted to argue the effective date of his annulment, pointing out that he has not practiced law since 1989. However, this is controlled by *Committee on Legal Ethics v. Six*, 181 W.Va. 52, 380 S.E.2d 219 (1989), where we held that time

spent on a voluntary withdrawal from the practice of law would not be credited on an annulment absent compliance with Article VI, Section 33 of the By–Laws of the West Virginia State Bar.

**2.** The relevant language of Section 25 of Article VI of the Bar By–Laws states:
  "Where a conviction is reversed upon appeal the license of such attorney shall be reinstated but the reinstatement shall not terminate any formal proceeding then pending against the attorney, the disposition of which

formly held that an acquittal on a criminal charge does not preclude disciplinary charges on the same facts. This is because the parties are different and the standard or burden of proof is different. *See generally* 7 Am.Jur.2d *Attorneys at Law* § 83 (1980); Annot., 76 A.L.R.3d 1028 (1977).

For the foregoing reasons, the license of Gregory R. Gorrell to practice law in the State of West Virginia is hereby annulled.

License Annulled.

BROTHERTON, J., deeming himself disqualified, did not participate in the consideration or decision of this case.

shall be determined by the committee on legal ethics on the basis of the available evidence."