410 S.E.2d 714

**The COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,**

**v.**

**Henry Clay HART, Jr., a Member of the West Virginia State Bar, Respondent.**

**No. 20222.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1991.

Decided Oct. 22, 1991.

Maria Marino Potter, Bar Counsel, Charleston, for complainant.

Henry Clay Hart, Jr., pro se.

## PER CURIAM:

In this attorney disciplinary proceeding, the Committee on Legal Ethics of the West Virginia State Bar ("the Committee") recommends that this Court annul the license to practice law of the respondent, Henry Clay Hart, Jr. Mr. Hart plead guilty in United States District Court for the Southern District of California to aiding and assisting in the preparation and presentation of a false and fraudulent federal income tax return in violation of 26 *U.S.C.* § 7206(2) (1988).[1] Mr. Hart maintains that he has a bona fide defense to the allegations contained in the Committee's complaint, and asserts that he is entitled to an evidentiary mitigation hearing. For the reasons stated below, we conclude that Mr. Hart is not entitled to an evidentiary mitigation hearing and hereby order the annulment of his license to practice law in the State of West Virginia.

### I

An information dated October 12, 1990, was filed against Mr. Hart in the United States District Court of the Southern District of California charging that he willfully aided and assisted in, and procured, counseled and advised, the preparation and presentation of an individual income tax return to the Internal Revenue Service which was false and fraudulent as to a material matter. The information charged that the income tax return of Robert G. Brown represented that Mr. Brown was entitled under the provisions of the Internal Revenue Laws to claim a partnership operation loss of $13,509.00 and a $25,732.00 tax credit resulting from investing in Whitewater River Electric Power Limited, a windmill partnership. The information further charged that Mr. Hart knew that Mr. Brown was not entitled to claim either the operating loss or the tax credit for 1984. On October 12, 1990, Mr. Hart signed a waiver of indictment in which he agreed that the proceedings in this case would be by information rather than by indictment.

---

1. 26 *U.S.C.* 7206(2) (1988) provides, in relevant part, that any person who

   "[w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, ..., the internal revenue laws, of a return, ..., which is fraudulent or is false as to any material matter, ...; or

   ....

   shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than three years, or both, together with the costs of prosecution.

On January 22, 1991, Mr. Hart pleaded guilty to aiding and assisting in the preparation and presentation of a false and fraudulent federal income tax return in violation of 26 *U.S.C.* § 7206(2) (1988). Mr. Hart was sentenced to a term of imprisonment for a period of eighteen months.

The Committee contends that Mr. Hart's license to practice law should be annulled because he was convicted of crimes involving moral turpitude and professional unfitness within the meaning of section 23 of article VI of the *By–Laws* of the West Virginia State Bar and crimes that reflect adversely on the lawyer's honesty, trustworthiness, and fitness as a lawyer in other respects within the meaning of 8.4(b)[2] of the Rules of Professional Conduct. Mr. Hart maintains that he has a bona fide defense to the Committee's allegations and requests an evidentiary mitigation hearing.

## II

■ The burden of proof is on the Committee to prove by full, preponderating and clear evidence the charges contained in the complaint filed on behalf of the Committee. Syl. pt. 1, *Committee on Legal Ethics v. Lewis*, 156 W.Va. 809, 197 S.E.2d 312 (1973). However, we recognized in syllabus point 1 of *Committee on Legal Ethics v. Folio*, 184 W.Va. 503, 401 S.E.2d 248 (1990), that proof of a final conviction satisfies the Committee's burden of proof:

' "Where there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction." Syllabus Point 2, *Committee on Legal Ethics v. Six*, [181] W.Va. [52] 380 S.E.2d 219 (1989).' Syl. Pt. 1, *Commit-*

tee on Legal Ethics v. Boettner, Jr., [183] W.Va. [136] 394 S.E.2d 735 (1990). The Committee in the case before us has satisfied its burden of proving Mr. Hart's conviction by providing this Court with a copy of the order of conviction.[3]

■ Under section 23 of article VI of the State Bar *By–Laws*, an attorney's license shall be annulled upon proof that he has been convicted of any crime involving moral turpitude or professional unfitness as we recognized in syllabus point 3 of *Committee on Legal Ethics v. Six*, [181] W.Va. [52] 380 S.E.2d 219 (1989):

' "Section 23, Part E, Article VI of the By–Laws of the West Virginia State Bar imposes upon any Court before which an attorney has been qualified a mandatory duty to annul the license of such attorney to practice law upon proof that he has been convicted of any crime involving moral turpitude." Point 2, syllabus, *In the Matter of Mann*, 151 W.Va. 644 [154 S.E.2d 860 (1967) ].' Syllabus, *In re Smith*, 158 W.Va. 13, 206 S.E.2d 920 (1974).

However, as we pointed out in *Committee on Legal Ethics v. Boettner*, 183 W.Va. at 139, 394 S.E.2d at 738, under our new professional code, Rule 8.4 of the Rules of Professional Conduct, the focus has shifted from "illegal conduct involving moral turpitude" to "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness in other respects." Rule 8.4 now concentrates on the lawyer's criminal act as it reflects on his or her fitness to practice law rather than on the concept of "moral turpitude." *Id.* 183 W.Va. at 139, 394 S.E.2d at 738.

■ This Court recognized in earlier cases decided prior to the adoption of Rule

---

**2.** Rule 8.4(b) of the Rules of Professional Conduct specifically provides that it is professional misconduct for an attorney to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]"

**3.** Section 25 of article VI of the State Bar *By–Laws*, at page 572 of the 1991 "Court Rules" volume, provides, in relevant part:

In any proceeding to suspend or annul the license of any such attorney because of his [or her] conviction of any crime or crimes mentioned in sections twenty-three or twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted. A plea or verdict of guilty or a conviction after a plea of nolo contendere shall be deemed to be a conviction within the meaning of this section.

8.4 that the filing of a false and fraudulent income tax return in an attempt to defraud the government is a crime involving moral turpitude. *In the Matter of Trent,* 154 W.Va. 333, 175 S.E.2d 461 (1970); *In the Matter of Mann,* 151 W.Va. 644, 154 S.E.2d 860 (1967), overruled on another point by *Committee on Legal Ethics v. Boettner,* 183 W.Va. at 140, 394 S.E.2d at 739. Upon considering this same criminal act under Rule 8.4, we find that Mr. Hart's attempt to defraud the government by filing a false and fraudulent income tax return for his client was a flagrant violation of Rule 8.4 and clearly indicates that Mr. Hart is unfit to practice law.

■ Mr. Hart asks this Court to grant his request for an evidentiary hearing to allow him to introduce mitigating factors which may bear on the disciplinary punishment to be imposed. However, there is no absolute right to a mitigation hearing in every disciplinary proceeding. As we pointed out in syllabus point 3 of *Folio, supra:*

> The cases in which a mitigation hearing will be appropriate are the exception rather than the rule. Whether a mitigation hearing is appropriate in a particular instance will depend upon a variety of factors, including but not limited to, the nature of the attorney's misconduct, surrounding facts and circumstances, previous ethical violations, the willfulness of the conduct, and the adequacy of the attorney's previous opportunity to present evidence sufficient for determination of appropriate sanctions.

■ In the case now before us, Mr. Hart plead guilty to the offense of aiding and assisting in the preparation and presentation of a false and fraudulent income tax return in violation of 26 *U.S.C.* 7206(2) (1988). Mr. Hart is currently serving his eighteen-month sentence. In his response to the Committee's petition to have his law license annulled, Mr. Hart did not identify any circumstances surrounding the case which would prompt this Court to grant him a mitigation hearing. We therefore deny Mr. Hart's request for an evidentiary mitigation hearing.

For the reasons stated above, we shall follow the recommendation of the Committee and order the annulment of Mr. Hart's license to practice law in the State of West Virginia. We shall also require Mr. Hart to reimburse the Committee for the costs it has incurred in connection with this proceeding. *See Committee on Legal Ethics v. Simmons,* 184 W.Va. 183, 399 S.E.2d 894 (1990); *Committee on Legal Ethics v. White,* 176 W.Va. 753, 349 S.E.2d 919 (1984); *Committee on Legal Ethics v. Pence,* 161 W.Va. 240, 240 S.E.2d 668 (1977).

License Annulled.